IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 17-275 (LPS) C.A. No. 17-1353 (LPS) |
| OXFORD NANOPORE TECHNOLOGIES, INC. and OXFORD NANOPORE TECHNOLOGIES, LTD., | ) ) ) ) | |
| Defendant. | ) ) | |

**OXFORD NANOPORE TECHNOLOGIES LTD.'S**
**OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S**
**AMENDED COMPLAINTS FOR FAILURE TO STATE A CLAIM**

OF COUNSEL:

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
(512) 322-2642

Elizabeth Durham Flannery
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Yan-Xin Li
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2500

September 24, 2018

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant Oxford Nanopore Technologies Ltd.*

# TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 5

II.   SUMMARY OF THE ARGUMENT .............................................................................. 5

III.  STATEMENT OF FACTS .............................................................................................. 6

IV.   LEGAL STANDARDS .................................................................................................. 7

V.    ARGUMENT .................................................................................................................. 9

      A.    PacBio's Lumping Together Oxford Ltd. with Oxford, Inc. as Collective
            "Defendants" Fails to Properly Plead a Claim of Direct Infringement by
            Oxford Ltd. .......................................................................................................... 9

      B.    PacBio Fails to Allege Facts Sufficient To Consider Oxford Ltd. and
            Oxford, Inc. as "Alter Egos" or "Agents" for One Another. ............................ 11

            1.    PacBio fails to allege facts necessary to support an alter ego theory. ...... 12

            2.    PacBio fails to allege facts necessary to support that Oxford, Inc.
                  has acted as Oxford Ltd.'s agent. ............................................................. 14

      C.    PacBio Fails to Plausibly Show that Oxford Ltd. Has Indirectly Infringed
            Any of the Asserted Patents. ............................................................................. 16

            1.    PacBio fails to allege facts necessary to support induced
                  infringement. ............................................................................................. 16

            2.    PacBio fails to allege facts necessary to support contributory
                  infringement. ............................................................................................. 18

VI.   CONCLUSION .............................................................................................................. 19

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adtile Techs. Inc. v. Perion Network Ltd.*,
  192 F. Supp. 3d 515 (D. Del. 2016) ...................................................................................9

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
  772 F. Supp. 1458 (D. Del. Sept. 6, 1991) ................................................................8, 10, 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................4, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................3, 4

*BlackBerry Ltd. v. Nokia Corp.*,
  No. 17-155, 2018 WL 1401330 (D. Del. Mar. 20, 2018) ...................................1, 4, 6

*Blair v. Infineon Techs. AG*,
  720 F. Supp. 2d 462 (D. Del. 2010) ...............................................................................8

*Davis v. Abington Mem'l Hosp.*,
  765 F.3d 236 (3d Cir. 2014) ...........................................................................................4

*E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates,
  S.A.S.*,
  269 F.3d 187 (3d Cir. 2001) .........................................................................................10

*Energy Marine Servs., Inc. v. DB Mobility Logistics AG*,
  No. 15-24, 2016 WL 284432 (D. Del. Jan. 22, 2016) .......................................9, 10

*In re Bill of Lading*,
  681 F.3d 1323 (Fed. Cir. 2012) .....................................................................................12

*Johnson v. City of Shelby*,
  135 S. Ct. 346 (2014) .......................................................................................................4

*Kost v. Kozakiewicz*,
  1 F.3d 176 (3d Cir. 1993) ................................................................................................3

*M2M Sols. LLC v. Telit Commc'ns PLC*,
  No. 14-1103, 2015 WL 4640400 (D. Del. Aug. 5, 2015)
  ......................................................................................................1, 4, 6, 7, 12, 14

*Marnavi S.p.A. v. Keehan*,
  900 F. Supp. 2d 377 (D. Del. 2012) ............................................................................8, 9

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005)........................................................................................12

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012).................................................................13

*N. Star Innovations, Inc. v. Toshiba Corp.*,
   No. 16-115, 2016 WL 7107230 (D. Del. Dec. 6, 2016) ..................................1, 4, 6

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
   No. 13-2052, 2014 WL 4675316 (D. Del. Sept. 19, 2014).....................................13

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
   263 F. Supp. 3d 498 (D. Del. 2017)............................................................10, 11

*Perlight Solar Co. Ltd. v. Perlight Sales N. Am. LLC*,
   No. 14-331, 2015 WL 5544966 (D. Del. Sept. 18, 2015)......................................8

*Phoenix Canada Oil Co. v. Texaco, Inc.*,
   842 F.2d 1466 (3d Cir. 1988)........................................................................11

*Symantec Corp. v. Computer Assocs. Int'l, Inc.*,
   522 F.3d 1279 (Fed.Cir.2008).......................................................................12

*T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*,
   No. 16-581, 2017 WL 896988 (D. Del. Mar. 7, 2017) .................................1, 4, 6, 9

*Toshiba Corp. v. Imation Corp.*,
   681 F.3d 1358 (Fed. Cir. 2012)......................................................................12

*Trustees of Nat. Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*,
   332 F.3d 188 (3d Cir. 2003)............................................................................8

*United States v. Golden Acres, Inc.*,
   702 F. Supp. 1097 (D. Del. 1988), *aff'd sub nom. Golden Acres, Inc. v. Sutton
   Place Corp.*, 879 F.2d 857 (3d Cir. 1989) ............................................................8

## STATUTES

35 U.S.C. § 271(a) ...........................................................................................5

35 U.S.C. § 271(b) ..........................................................................................12

35 U.S.C. § 271(c) ..........................................................................................14

## OTHER AUTHORITIES

Fed. R. Civ. P. 8(a) .................................................................................3, 6, 7, 12

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 3, 5, 6, 9, 12

## I.    <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

Defendant Oxford Nanopore Technologies Ltd. ("Oxford Ltd.") moves to dismiss the First Amended Complaint (C.A. No. 17-275, D.I. 83) and Third Amended Complaint (C.A. No. 17-1353, D.I. 113) (collectively "the Amended Complaints") filed by Plaintiff Pacific Biosciences of California, Inc. ("PacBio") on August 23, 2018 under Fed. R. Civ. P. 12(b)(6) for failure to state a patent infringement claim with respect to Oxford Ltd.

## II.    <u>SUMMARY OF THE ARGUMENT</u>

More than a year since the first complaint was filed in these consolidated cases, PacBio's Amended Complaints purport to name Oxford Ltd. as a new defendant.  However, instead of pleading with particularity claims of direct, induced, and contributory infringement of the Asserted Patents against Oxford Ltd., the Amended Complaints instead simply lump Oxford Ltd. together with the existing defendant Oxford Nanopore Technologies, Inc. ("Oxford, Inc.") and repeat PacBio's prior pleadings.  Not only does this fail the pleading requirements enunciated by the Supreme Court of the United States in *Twombly* and *Iqbal*, courts in this District have repeatedly held that pleadings of patent infringement claims against multiple defendants—even related corporate entities—do not properly state a claim where they allege infringing acts of the defendants as a group and fail to specify *which* defendant has performed any *particular* alleged infringing act.  *See, e.g.*, *BlackBerry Ltd. v. Nokia Corp.*, No. 17-155, 2018 WL 1401330 (D. Del. Mar. 20, 2018); *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, No. 16-581, 2017 WL 896988 (D. Del. Mar. 7, 2017); *N. Star Innovations, Inc. v. Toshiba Corp.*, No. 16-115, 2016 WL 7107230 (D. Del. Dec. 6, 2016); *M2M Sols. LLC v. Telit Commc'ns PLC*, No. 14-1103, 2015 WL 4640400 (D. Del. Aug. 5, 2015).  Yet this is exactly what PacBio has done in its Amended Complaints, thus failing to allege that Oxford Ltd. has committed any act of infringement. PacBio summarily alleges that Oxford, Inc. and Oxford Ltd. are alter egos and/or agents of each

other, suggesting that these separate corporate entities can be treated as a single entity. However, the Amended Complaints do not allege plausible facts sufficient to support those theories for ignoring Oxford, Inc.'s and Oxford Ltd.'s separate corporate existence. Accordingly, PacBio's Amended Complaints fail to state a claim on which relief can be granted with respect to Oxford Ltd. As such, PacBio's claims of infringement against Oxford Ltd. should be dismissed.

## III.    STATEMENT OF FACTS

On March 15, 2017, PacBio filed C.A. No. 17-275 against Defendant Oxford Nanopore Technologies, Inc. ("Oxford, Inc.") alleging infringement of U.S. Patent No. 9,546,400 ("the '400 Patent"). Approximately six months later, on September 25, 2017, PacBio filed C.A. No. 17-1353 against Oxford, Inc. alleging infringement of U.S. Patent Nos. 9,678,056 ("the '056 Patent") and 9,738,929 ("the '929 Patent").[1] Subsequently, in action C.A. No. 17-1353, PacBio filed a First Amended Complaint (D.I. 13) on November 30, 2017, revising the number of asserted claims of the '929 Patent, and a Second Amended Complaint (D.I. 52) on March 28, 2018, additionally alleging infringement of U.S. Patent No. 9,772,323 ("the '323 Patent").

Oxford, Inc. is a domestic entity based in Cambridge, Massachusetts. Oxford Nanopore Technologies Ltd. ("Oxford Ltd."), a foreign entity based in the United Kingdom, was not named as a defendant in either of PacBio's original complaints or the First or Second Amended Complaints in the 17-1353 action.

---

[1]   These actions are not the first between PacBio and Oxford, Inc. or Oxford Ltd. PacBio had also separately filed an action in the United States International Trade Commission ("the Commission") alleging infringement of two different patents by Oxford, Inc., Oxford Ltd., and Metrichor, Ltd. (instituted as Investigation No. 337-TA-1032). PacBio took extensive discovery of both Oxford, Inc. and Oxford Ltd. in that action. In its Final Determination and Opinion, the Commission found noninfringement of the two asserted patents and no violation of section 337 of the Tariff Act of 1930 by Oxford, Inc., Oxford Ltd., and Metrichor, Ltd. PacBio has since appealed the decision to the Federal Circuit, in which Oxford, Inc., Oxford Ltd., and Metrichor, Ltd. have intervened.

On June 1, 2018, PacBio filed a Motion for Leave to amend its complaints again (No. 17-275, D.I. 61; No. 17-1353, D.I. 76), this time to add Oxford Ltd. as a defendant.  This Court granted PacBio's motion on August 20, 2018 (No. 17-275, D.I. 82; No. 17-1353, D.I. 112), and PacBio filed a First Amended Complaint (No. 17-275, D.I. 83) and a Third Amended Complaint (No. 17-1353, D.I. 113) on August 23, 2018.

PacBio's Amended Complaints assert that "Defendants" have infringed claims 1-8, 10, and 14-15 of the '400 Patent; claims 1, 11-12, and 16-18 of the '056 Patent; claims 1-2, 6-8, 10-11, and 13 of the '929 Patent; and claims 1-7, 6, 9-10, 15, 18, and 22 of the '323 Patent (collectively "the Asserted Claims" of "the Asserted Patents") under theories of direct infringement, induced infringement, and contributory infringement.  PacBio's Amended Complaints further allege that Oxford, Inc. and Oxford Ltd. are "alter egos and/or agents of each other in connection with performance of" the allegedly infringing acts.  *See, e.g.*, No. 17-1353, D.I. 113 ¶ 15.

## IV.    <u>LEGAL STANDARDS</u>

Fed. R. Civ. P. 8(a)(2) requires that a pleading that states a claim for relief must contain "a short and plain statement . . . showing that the pleader is entitled to relief."  This requires "more than labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Fed. R. Civ. P. 12(b)(6) allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (purpose of a motion under Rule 12(b)(6) is to test "the sufficiency of the allegations contained in the complaint").  In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim for relief that is plausible on its face"—*i.e.*, above a mere speculative level.  *Twombly*, 550 U.S. at 570.  To be plausible, a claim must do more than simply provide "[t]hreadbare recitals of the elements of a cause of action, supported

by merely conclusory statements;" the factual allegations, accepted as true, must allow a court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (plaintiff must plead facts sufficient to show that a claim has "substantive plausibility"); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Merely pleading facts that are consistent with a defendant's liability is insufficient. *Iqbal*, 556 U.S. at 678.

Courts in this District have consistently emphasized that a plaintiff *cannot combine* allegations of patent infringement against multiple, simultaneous defendants. *See, e.g.*, *BlackBerry Ltd. v. Nokia Corp.*, No. 17-155, 2018 WL 1401330 (D. Del. Mar. 20, 2018); *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, No. 16-581, 2017 WL 896988 (D. Del. Mar. 7, 2017); *N. Star Innovations, Inc. v. Toshiba Corp.*, No. 16-115, 2016 WL 7107230 (D. Del. Dec. 6, 2016); *M2M Sols. LLC v. Telit Commc'ns PLC*, No. 14-1103, 2015 WL 4640400 (D. Del. Aug. 5, 2015). Such allegations that lump together multiple defendants, such as by use of an umbrella or generic term (*e.g.*, "Defendants"), fail to provide adequate notice as to *each* defendant's role in any allegedly infringing act, and thus fail to adequately plead either direct or indirect infringement as to each defendant. *See, e.g.*, *BlackBerry*, 2018 WL 1401330, at *2; *T-Jat Sys.*, 2017 WL 896988 at *7; *N. Star Innovations*, 2016 WL 7107230, at *2; *M2M Sols.*, 2015 WL 4640400, at *3–*4. Moreover, conclusory assertions of alter ego and/or agency relationships between multiple defendants, without alleging sufficient facts to plausibly plead those theories, do not cure this defect. *See, e.g.*, *T-Jat Sys.*, 2017 WL 896988 at *4–*6; *M2M Sols.*, 2015 WL 4640400, at *3.

## V.    ARGUMENT

### A.    PacBio's Lumping Together Oxford Ltd. with Oxford, Inc. as Collective "Defendants" Fails to Properly Plead a Claim of Direct Infringement by Oxford Ltd.[2]

Rule 12(b)(6) requires dismissal of PacBio's alleged direct infringement claim against Oxford Ltd. because the Amended Complaints fail to specify any particular alleged infringing act performed by Oxford Ltd. as distinct from Oxford, Inc.  Direct infringement requires an act of making, using, offering to sell, or selling the patented invention within the United States. 35 U.S.C. § 271(a).  In attempting to state a claim for direct infringement against Oxford Ltd., PacBio alleges no such acts other than those that it had already alleged were performed by Oxford, Inc.  In their allegations of infringement, the Amended Complaints simply replace "Oxford" as it appeared in earlier versions of complaints in the consolidated cases (referring then only to Oxford, Inc.) with "Defendants" (referring now to Oxford Ltd. and Oxford, Inc. collectively), with virtually no additions or other changes to the facts pled.[3]  *See* Exhibit 1 (redline of original complaint versus First Amended Complaint in No. 17-275); Exhibit 2 (redline Second Amended Complaint versus Third Amended Complaint in No. 17-1353).  Thus, the Amended Complaints simply re-allege the same acts PacBio previously alleged against

---

[2]  Although Oxford, Inc. has not sought dismissal of the Amended Complaints on these grounds, Oxford, Inc. does not dispute that it has sold the Accused Products in the United States.  In contrast, as discussed below, the Amended Complaints do not allege that Oxford Ltd. itself has sold the Accused Products or committed any other act in the United States that could qualify as an act of infringement.  As such, the factual basis for PacBio's claims against Oxford Ltd. is not clear from the Amended Complaints.

[3]  PacBio added eight additional and near-identical paragraphs in each of the Amended Complaints purportedly addressing this Court's jurisdiction over Oxford Ltd.  *See, e.g.*, No. 17-1353, D.I. 113 ¶¶ 12-19.  But these paragraphs say nothing about the Accused Products (as that term is defined in the Amended Complaints) or plead any alleged *facts* supporting Oxford Ltd.'s specific involvement with them.

Oxford, Inc. alone now as those of "Defendants" Oxford, Inc. and Oxford Ltd. collectively. *See, e.g.*, No. 17-1353, D.I. 113 at 1.

Courts in this District have repeatedly rejected as insufficient such attempts to plead infringement claims against multiple corporate entities based on allegations of those entities' collective actions, even where those entities are parents or subsidiaries of each other. *See, e.g.*, *BlackBerry Ltd. v. Nokia Corp.*, No. 17-155, 2018 WL 1401330 (D. Del. Mar. 20, 2018); *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, No. 16-581, 2017 WL 896988 (D. Del. Mar. 7, 2017); *N. Star Innovations, Inc. v. Toshiba Corp.*, No. 16-115, 2016 WL 7107230 (D. Del. Dec. 6, 2016); *M2M Sols. LLC v. Telit Commc'ns PLC*, No. 14-1103, 2015 WL 4640400 (D. Del. Aug. 5, 2015).   Specifically, such collective allegations are insufficient when they fail to specify the particular alleged infringing acts performed by each defendant. *See, e.g.*, *T-Jat Sys.*, 2017 WL 896988, at *7 (finding "allegations as to Expedia-DE and Expedia-WA [its wholly-owned subsidiary] do not clarify that each defendant committed at least one infringing act," and therefore, the complaint failed to meet the minimum pleadings standard); *N. Star*, 2016 WL 7107230, at *2 (where three Toshiba entities are referenced as "Defendants" in each of the infringement counts, "nowhere in any part of the [complaint] is it clearly alleged that either Defendant takes part in any *specific* infringing act," resulting in confusion about which, if any, of these acts are actually being attributed to each Defendant (emphasis in original)); *cf. M2M Sols.*, 2015 WL 4640400, at *3 ("Plaintiff's decision to lump two defendants together in addressing its direct infringement claim cannot pass muster under Form 18.")  In each of these cases, the court held that the plaintiff failed to sufficiently meet the pleading standard pursuant to Rule 8 and appropriately dismissed the deficient claims under Rule 12(b)(6) for failing to state a claim.

PacBio's allegations against Oxford Ltd. in the Amended Complaints exhibit the same fatal infirmities.  In each paragraph of each count of the Amended Complaints, PacBio has replaced "Oxford" with "Defendants," and updated any nearby text for grammatical accuracy.[4] This is nothing more than a find-and-replace exercise, and such a minimal pleading fails to satisfy Rule 8.  *See M2M Sols.*, 2015 WL 4640400, at *1–*3 (finding an allegation of infringement inadequate where the complaint simply introduced the defendants, provided the addresses of their principal places of business, and stated one defendant was a wholly owned subsidiary of the other, but did not further link each individual defendant to any specific type of infringing conduct, merely referring to the two collectively as if they were one entity).  As a result, PacBio does not factually allege anywhere in its Amended Complaints that Oxford Ltd. has made, used, offered to sell, or sold the Accused Products within the United States, let alone within Delaware.  For at least this reason, PacBio's claims against Oxford Ltd. for direct infringement should be dismissed.

### B. PacBio Fails to Allege Facts Sufficient To Consider Oxford Ltd. and Oxford, Inc. as "Alter Egos" or "Agents" for One Another.

PacBio attempts to avoid these defects of its pleadings against Oxford Ltd. by stating Oxford, Inc. and Oxford Ltd. "are alter egos and/or agents of each other in connection with performance of the infringing acts below."  No. 17-1353, D.I. 113 ¶ 15.  As support, PacBio states that Oxford Ltd. and Oxford, Inc. "share overlapping officers," with "no meaningful distinction in the governance of the two entities," do not have distinct websites, and share the same outside counsel.  *Id.* ¶¶ 16-19.  Even if accepted as true, the allegations contained in the four corners of the Amended Complaints do not satisfy either an "alter ego" or agency theory

---

[4] The only exception is that in case No. 17-275, PacBio added GridION X5, SmidgION, and Flongle as "Accused Products."  *See* D.I. 83 ¶ 22.

under Delaware law such that a court could pierce the corporate veil or find the requisite control

to attribute the alleged acts of Oxford, Inc. to Oxford Ltd. for pleading purposes.

1.    _PacBio fails to allege facts necessary to support an alter ego theory._

The alter ego test allows a court to "ignore the corporate boundaries between parent and

subsidiary" and impute the acts of one corporate entity to its dominant shareholder "if _fraud or_

_inequity_ is shown." _Applied Biosystems, Inc. v. Cruachem, Ltd._, 772 F. Supp. 1458, 1463

(D. Del. Sept. 6, 1991) (emphasis added); _see also Trustees of Nat. Elevator Indus. Pension,_

_Health Benefit & Educ. Funds v. Lutyk_, 332 F.3d 188, 194 (3d Cir. 2003) ("the situation must

present an element of injustice or fundamental unfairness"); _Blair v. Infineon Techs. AG_, 720 F.

Supp. 2d 462, 471 (D. Del. 2010).  Under Delaware law, in addition to fraud or inequity, an alter

ego analysis also considers eight factors: gross undercapitalization, failure to observe corporate

formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from

the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors,

absence of corporate records, and whether the corporation is merely a facade for the operations

of the dominant stockholder.  _See Lutyk_, 332 F.3d at 194; _Marnavi S.p.A. v. Keehan_, 900 F.

Supp. 2d 377, 392 (D. Del. 2012); _Perlight Solar Co. Ltd. v. Perlight Sales N. Am. LLC_, No. 14-

331, 2015 WL 5544966, at *3–*4 (D. Del. Sept. 18, 2015).  No single factor justifies a decision

to disregard the corporate entity.  _United States v. Golden Acres, Inc._, 702 F. Supp. 1097, 1104

(D. Del. 1988), _aff'd sub nom. Golden Acres, Inc. v. Sutton Place Corp._, 879 F.2d 857 (3d Cir.

1989).

As relevant here, a court must examine how a corporation operates and the particular

dominant shareholder's relationship to that operation.  _See Golden Acres_, 702 F. Supp. at 1104;

_Perlight Solar_, 2015 WL 5544966, at *3–*4.  Where corporate formalities are preserved and no

evidence whatsoever of fraud, Courts in this District have "easily reject[ed] the alter ego theory."

*Applied Biosystems*, 772 F. Supp. at 1464.  And even where corporate entities disregard certain corporate formalities, a court will not pierce the corporate veil under an alter ego theory absent allegations of fraud, injustice, or inequity.  *Perlight Solar*, 2015 WL 5544966, at *4.  Indeed, courts have explicitly cautioned that corporate entities should be disregarded only in "exceptional circumstances."  *Marnavi*, 900 F. Supp. 2d at 392.

PacBio's allegations do not meet this standard.  Its conclusory allegations that Oxford, Inc. and Oxford Ltd. "are alter egos . . . of each other" and that there "is effectively no distinction between the two corporate entities" should be given no weight.  *See, e.g.*, *Energy Marine Servs., Inc. v. DB Mobility Logistics AG*, No. 15-24, 2016 WL 284432, at *3 (D. Del. Jan. 22, 2016) (no inference of an alter ego relationship based on "purely conclusory assertions" that "lack even the barest support" (citing *Iqbal*, 556 U.S. at 678)), appeal dismissed (Aug. 9, 2016).  Nor should allegations regarding how independent social media websites, like LinkedIn, list employees of the different entities.  *See, e.g.*, *Adtile Techs. Inc. v. Perion Network Ltd.*, 192 F. Supp. 3d 515, 522 (D. Del. 2016) (LinkedIn listing of "[parent]/[subsidiary]" as employment place for a corporate officer was not evidence that showed subsidiary did not make its own decisions about day-to-day activities).

At most, PacBio alleges that Oxford, Inc. and Oxford Ltd. "share a unified governance, interest, and ownership" and that "the day-to-day activities" of Oxford, Inc. are "effectively governed" by Oxford Ltd.  No. 17-1353, D.I. 113 ¶¶ 15-16.  These allegations fail to support even an inference of any of the eight aforementioned factors evaluated in an alter ego analysis.  Such sparse allegations, even if accepted as true, do not establish that Oxford, Inc. and Oxford Ltd. are alter egos of each other.  *See T-Jat Sys.*, 2017 WL 896988, at *5 ("factual allegations of 'nothing more than a close relationship and coordination among defendants,' including

operational control of the parent company over subsidiaries, is insufficient under Rule 12(b)(6)" to support an alter-ego theory). More fatally, the Amended Complaints make no allegation that Oxford, Inc.'s and Oxford Ltd.'s separate corporate structure involves *any* fraud or inequity. Thus, the corporate veil between these entities cannot be pierced based on the four corners of the Amended Complaints.

> 2.  *PacBio fails to allege facts necessary to support that Oxford, Inc. has acted as Oxford Ltd.'s agent.*

Under the agency theory, courts may impute actions of one corporate entity to another depending on the extent to which one company (*e.g.*, a parent) exercises *control* over the other (*e.g.*, a subsidiary) with regard to the *activities underlying the cause of action*. *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 198 (3d Cir. 2001); *Energy Marine*, 2016 WL 284432, at *4; *see also Applied Biosystems*, 772 F. Supp. at 1464 ("only the precise conduct shown to be instigated by the parent is attributed to the parent; the rest of the subsidiary's actions still pertain only to the subsidiary"). Factors relevant to this determination include: the extent of overlap of officers and directors, methods of financing, the division of responsibility for day-to-day management, and the process by which each corporation obtains its business. *Applied Biosystems*, 772 F. Supp. at 1463. No one factor is either necessary or determinative; rather, it is the combination of elements that is significant. *Id.* However, the analysis is comprehensive; one factor alone is typically insufficient evidence of an agency relationship. *See, e.g.*, *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 505 (D. Del. 2017) (overlap in individuals holding leadership positions with the parent and subsidiary was insufficient).

PacBio's pleadings do not rise to the level of articulating any agency relationship between Oxford, Inc. and Oxford Ltd. In its Amended Complaints, PacBio alleges that Oxford,

Inc. and Oxford Ltd. share two officers, and that LinkedIn lists certain Oxford, Inc. employees as being employed by Oxford Ltd.  No. 17-1353, D.I. 113 ¶¶ 16-17.  These facts do not establish that Oxford Ltd. exercises sufficient *control* such that Oxford, Inc. acts as its agent, much less with regard to Oxford, Inc.'s allegedly infringing acts.  PacBio's allegation that James McDonald—who has separate roles and responsibilities for Oxford, Inc. and Oxford Ltd. —has "managed" this litigation does not indicate that Oxford Ltd. *controls* that activity.  No. 17-1353, D.I. 113 ¶ 19.  Nor would any joint activity in the litigation be relevant to whether Oxford, Inc. has acted as Oxford Ltd.'s agent with regard to alleged acts underlying PacBio's infringement claims.  *See Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988) ("Not only must an arrangement exist between [ ] two corporations so that one acts on behalf of the other and within usual agency principles, but the arrangement must be *relevant to the plaintiff's claim of wrongdoing*." (emphasis added)).

In short, PacBio has failed to plead any precise conduct "instigated" by Oxford Ltd. that should be attributed to Oxford Ltd.[5]  *Applied Biosystems*, 772 F. Supp. at 1464.  PacBio's other conclusory characterizations that Oxford, Inc. and Oxford Ltd. "share a unified governance, interest, and ownership" and that "the day-to-day activities" of Oxford, Inc. are "effectively governed" by Oxford Ltd. merely recite the factors of the test for agency, do not relate specifically to the allegedly infringing acts, and thus, are due no weight.  *See Iqbal*, 556 U.S. at 678; *cf. Nespresso*, 263 F. Supp. 3d at 508.

---

[5] PacBio also appears to take the position that Oxford, Inc. controls Oxford Ltd., asserting that Oxford, Inc. and Oxford Ltd. are "agents *of each other*."  *See, e.g.*, No. 17-275, D.I. 83 ¶ 15 (emphasis added).  However, the Amended Complaints contain no factual allegations that Oxford, Inc. directs the actions of Oxford Ltd.

**C.**     **PacBio Fails to Plausibly Show that Oxford Ltd. Has Indirectly Infringed Any of the Asserted Patents.**

In its Amended Complaints, PacBio also alleges that Oxford Ltd. indirectly infringes the Asserted Patents by induced infringement and contributory infringement.  *See, e.g.*, No. 17-275, D.I. 83 ¶¶ 33-36, 37-38.   In each of these counts, PacBio has similarly replaced the word "Oxford" in the previous complaint with "Defendants" in the present Amended Complaints.  *See* Exhibit 1; Exhibit 2.  For similar reasons as discussed above, these pleadings are insufficient under Rule 8.

**1.**     *PacBio fails to allege facts necessary to support induced infringement.*

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer."  In order to plead induced infringement, the patentee "must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (citations omitted).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts "plausibly showing that [an alleged infringer] specifically *intended* [a third party] to infringe [the asserted patent(s)] and *knew* that the [third party's] acts constituted infringement."  *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

PacBio alleges Oxford Ltd., as part of the collective "Defendants," "induced infringement by controlling the design and manufacture of, offering for sale, and selling the Accused Products with knowledge and specific intent that its customers will use these instruments to infringe." *See, e.g.*, No. 17-275, D.I. 83 ¶ 33.  Yet, conclusory allegations regarding knowledge (or intent) that are not based on facts are insufficient in claims of induced infringement.  *See M2M Sols.*, 2015 WL 4640400, at *4.

In addition to knowledge of a third party's direct infringement, PacBio must also demonstrate the specific intent to encourage such direct infringement. *See, e.g.*, *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (active steps such as advertising an *infringing use* or instructing how to engage in an *infringing use* shows affirmative intent to induce infringement (emphasis added)).   However, allegations of general marketing activities conducted by or on behalf of Oxford Ltd., on their own, without more, do not demonstrate that Oxford Ltd. possessed the specific intent to induce or encourage another's infringement. *See Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292–93 (Fed.Cir.2008) ("inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities" (internal citations omitted)); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234–35 (D. Del. 2012) ("[C]onclusory averments" regarding marketing activities "contain no factual support to establish 'intent.'"); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052, 2014 WL 4675316, at *6 (D. Del. Sept. 19, 2014) ("assertions that a defendant provided unspecified 'training and instructions to [its] customers concerning the use of the Accused Products' are not specific enough to allege the requisite encouragement").

PacBio has also failed to identify which of either Oxford, Inc. and/or Oxford Ltd. purportedly disseminated materials that allegedly induced direct infringement of the Asserted Patents. *See, e.g.*, No. 17-275, D.I. 83 ¶ 34.   Instead, PacBio simply alleges that "Defendants" have distributed "instructional materials" without specifying which particular defendant did so. No. 17-275, D.I. 83 ¶ 36.   PacBio's allegations that statements made by Oxford, Inc. and Oxford Ltd. in the International Trade Commission were also phrased using the collective term "Defendants," and thus similarly fail to specify that Oxford Ltd. has committed any specific act

that would have induced infringement. *Id.* at ¶ 33. Having fused Oxford Ltd. and Oxford, Inc. together as one, PacBio has not pled acts and intent by Oxford Ltd. sufficient to support a plausible inducement claim. *See Neology*, 2014 WL 4675316, at *6–*7 (plaintiff's decision to "lump all Defendants together when articulating certain of its inducement allegations" was particularly problematic because it failed to identify what instructional materials were at issue, or even which particular Defendant was distributing them. … "Treating these Defendants as one big group for purposes of articulating how each has encouraged the induced infringement at issue says nothing plausible as to what any particular one of them might have done."). As discussed in Section V.B, *supra*, the Amended Complaints also fail to plead facts sufficient to impute Oxford, Inc.'s acts or intent to Oxford Ltd. under an alter ego or agency theory. Thus, its claims of induced infringement against Oxford Ltd. should be dismissed.

2. *PacBio fails to allege facts necessary to support contributory infringement.*

To state a contributory infringement claim under 35 U.S.C. § 271(c), the claimant must allege that the defendant "offers to sell or sells within the United States or imports into the United States a component of" a patented machine or apparatus. PacBio alleges "Defendants" have contributorily infringed by selling and offering to sell the Accused Products within the United States. *See, e.g.*, No. 17-275, D.I. 83 ¶ 37. However, much like PacBio's failed attempt to allege direct infringement by Oxford Ltd., this generalized allegation does not specify that Oxford Ltd. has sold, offered to sell, or imported the Accused Products in the United States. *See M2M Sols.*, 2015 WL 4640400, at *5. As discussed in Section V.B., *supra*, PacBio has failed to allege sufficient facts to impute Oxford, Inc.'s sales of the Accused Products to Oxford Ltd. Thus, PacBio's Amended Complaints fail to adequately plead a claim of contributory infringement against Oxford Ltd., and such claims should be dismissed.

## VI.   <u>CONCLUSION</u>

For the foregoing reasons, the Amended Complaints should be dismissed with respect to Oxford Ltd.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

OF COUNSEL:

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
(512) 322-2642

Elizabeth Durham Flannery
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Yan-Xin Li
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2500

September 24, 2018

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 24, 2018, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                              *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Edward R. Reines, Esquire                                          *VIA ELECTRONIC MAIL*
Derek C. Walter, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)