## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PACIFIC BIOSCIENCES OF CALIFORNIA, : 
INC., :

         Plaintiff,

    v.

OXFORD NANOPORE TECHNOLOGIES, : 
INC. and OXFORD NANOPORE : 
TECHNOLOGIES, LTD., :

         Defendants.

C.A. No. 17-275-LPS
C.A. No. 17-1353-LPS

Brian E. Farnan and Michael J. Farnan, FARNAN LLP, Wilmington, DE

Edward R. Reines and Derek C. Walter, WEIL, GOTSHAL & MANGES LLP, Redwood Shores, CA

    Attorneys for Plaintiff

Jack B. Blumenfeld, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

Stephen M. Hash, Puneet Kohli, and Samoneh Kadivar, BAKER BOTTS L.L.P., Austin, TX

Elizabeth Durham Flannery, BAKER BOTTS L.L.P., Houston, TX

Yan-Xin Li, BAKER BOTTS L.L.P., New York, NY

    Attorneys for Defendants

## MEMORANDUM OPINION

April 24, 2019
Wilmington, Delaware

**STARK, U.S. District Judge:**

Plaintiff Pacific Biosciences of California, Inc. ("PacBio") filed two suits against Defendant Oxford Nanopore Technologies, Inc. ("ONT INC") on March 15, 2017 (C.A. No. 17-275 D.I. 1) and on September 25, 2017 (C.A. No. 17-1353 D.I. 1).  Following the Court's approval of PacBio's motion to amend its complaints to add another defendant – Oxford Nanopore Technologies, Ltd. ("ONT LTD") – on August 23, 2018, PacBio filed a First Amended Complaint ("FAC") in C.A. No. 17-275 (D.I. 83) and a Third Amended Complaint ("TAC") in C.A. No. 17-1353 (D.I. 113) (collectively, the "Amended Complaints").  On September 24, 2018, ONT LTD moved to dismiss the Amended Complaints for failure to state a claim.  (*See* C.A. No. 17-275 D.I. 107; C.A. No. 17-1353 D.I. 137)[1]

For the reasons stated below, the Court will deny ONT LTD's motions to dismiss.

## I.   LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all well-pleaded factual allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted).  Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

---

[1]Docket citations are to C.A. No. 17-275, unless specified otherwise.

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## II.    DISCUSSION

### A.    Direct Infringement

ONT LTD contends that PacBio fails to properly plead a claim of direct infringement, because "the Amended Complaints fail to specify any particular alleged infringing act performed by Oxford Ltd. as distinct from Oxford, Inc." (D.I. 108 at 9)  While many cases – including those cited by ONT LTD (*see id.* at 8, 10) – reject the sufficiency of collective allegations against multiple defendants, other cases do not. *See, e.g., MBIA Ins. Corp. v. Royal Indem. Co.*, 221 F.R.D. 419, 421 (D. Del. 2004) (noting "there is no *per se* rule that group pleading cannot satisfy Rule 9(b)").  Also, ONT LTD ignores the many allegations that are specific to ONT LTD and its actions relating to the allegedly infringing conduct.

For example, PacBio alleges that "ONT, Ltd. is engaged in the design, manufacture, importation into the United States, sale for importation, and commercialization throughout the United States of nanopore-based single-molecule sequencing products." (FAC ¶ 8)[2]  Further allegations support a claim for direct infringement, including that ONT LTD "mak[es] its products available for purchase in Delaware through its website," "provide[s] genetics laboratories at the University of Delaware with its sequencing products," and enters into agreements with Delaware customers that "impose restrictions on how [its] equipment may be used." (*Id.* ¶¶ 12-13)

Moreover, PacBio has sufficiently pled that ONT LTD and ONT INC are either agents or

---

[2]While ONT LTD disputes the accuracy of this allegation (*see* D.I. 120 at 3-4 n.6), at this stage of the litigation the Court must accept it as true.  Further, PacBio supports a finding that the allegation is plausible by citing to ONT LTD's admissions in its response to a complaint in a parallel ITC investigation – a document that was attached to the Amended Complaints and repeatedly cited in them. (*See* D.I. 119 at 6) (citing D.I. 83-8)

alter egos of each other.  For example, the Amended Complaints allege that ONT LTD is the corporate parent of ONT INC and that the two entities "share a unified governance, interest, and ownership in connection with the infringing acts," "share overlapping officers," share a website with "a single unified contact point for inter alia purchase inquiries, support inquiries, employment inquiries, product information, and company news updates," and share "internal and external legal counsel." (*Id.* ¶¶ 8, 15-19)  That ONT LTD's high-level officers are also officers at ONT INC and that the location of ONT LTD is held out as headquarters for the combined entities plausibly alleges that ONT LTD exercises dominion and control over ONT INC.  (FAC ¶¶ 16-18)  In combination, these factual allegations sufficiently connect the two entities at this stage of the litigation. *See T–Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, 2017 WL 896988, at *6 (D. Del. Mar. 7, 2017) ("[E]vidence of agency required at the pleading stage is minimal.").

Accordingly, PacBio's claim that ONT LTD – like ONT INC – directly infringed is plausible.  The motions to dismiss this claim will be denied.

## B.      Induced Infringement

To adequately plead a claim for induced infringement, PacBio must allege that ONT LTD had knowledge of the asserted patents, it specifically intended third parties to infringe the patents, and it knew that the third parties' acts constituted infringement. *See Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).  With respect to knowledge of the asserted patents, ONT LTD has knowledge by virtue of having been served with the Amended Complaints and also based on allegations that ONT LTD, which shares internal legal counsel and high-level officers with ONT INC, had knowledge of the initial patents asserted against ONT

INC in 2017.  (*See* FAC ¶ 19)

PacBio has also adequately alleged that ONT LTD has acted with the specific intent that customers directly infringe the asserted patents.  In addition to general allegations that ONT LTD "actively, knowingly, and intentionally . . . induced, or has threatened to induce, infringement" of the asserted patents, PacBio also alleges that ONT LTD intended its customers to infringe the patents in four ways: (1) "by controlling the design and manufacture of, offering for sale, and selling the Accused Products," (2) "through the dissemination of promotional and marketing materials relating to the Accused Products," (3) "through the creation of distribution channels for the Accused Products in the United States," and (4) "through the distribution of other instructional materials, product manuals, and technical materials" related to the accused products – all "with the knowledge and the specific intent" that its customers would use the accused products in the United States and infringe the patents.  (*Id.* ¶¶ 33-36)  These allegations – combined with PacBio's additional allegations specifying, for example, that ONT LTD's website directs customers to buy a starter pack containing an accused product and that ONT LTD provides technical support and engages with researchers using the accused products (*see id.* ¶¶ 13, 14, 35) – are, collectively, sufficient to plead the intent requirement of inducement.  *See, e.g.*, *HSM Portfolio LLC v. Fujitsu Ltd.*, 2014 WL 4468088, at *2 (D. Del. Sept. 9, 2014) ("Plaintiffs allege that acts such as creating advertisements, creating established distribution channels, manufacturing the products in accordance with U.S. law, distributing manuals, and providing technical support all evidence specific intent.  This is enough at the pleadings stage.").

Finally, PacBio has sufficiently alleged that ONT LTD has knowledge that its customers' actions infringe, because the Amended Complaints include claim charts precisely detailing the

alleged direct infringement that results from using the products for their intended purpose. (*See* D.I. 119 at 8)  Accordingly, PacBio's claim that ONT LTD induced infringement is plausible and this portion of the motions to dismiss will be denied.

### C.     Contributory Infringement

For the same reasons given above, PacBio has also sufficiently pled contributory infringement, including by its allegations that ONT LTD "is engaged in the . . . importation into the United States, sale for importation, and commercialization throughout the United States of nanopore-based single-molecule sequencing products," which is further supported by ONT LTD's admissions in the ITC investigation.  (*See id.* at 6) (citing D.I. 83-8)  Accordingly, this portion of the motions to dismiss will be denied.

### III.    CONCLUSION

For the foregoing reasons, the Court will deny ONT LTD's motions to dismiss.  An appropriate Order follows.