

July 11, 2019

**Via E-Filing**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street                                    **FILED UNDER SEAL**
Room 6124, Unit 26
Wilmington, DE 19801-3556

> **Re:**  *Pacific Biosciences of California, Inc. v. Oxford Nanopore Tech., Inc., et al.*
> <u>**C.A. Nos. 17-cv-275, -1353-LPS**</u>

Dear Chief Judge Stark:

Plaintiff Pacific Biosciences of California, Inc. ("PacBio") respectfully seeks leave to file a Second Amended Complaint in the -275 Action and a Fourth Amended Complaint in the -1353 Action against Defendants Oxford Nanopore Technologies, Inc. and Oxford Nanopore Technologies Ltd. (collectively "ONT").  These amended complaints add allegations of willful infringement.  Copies of the amended complaints are attached as Exhibits A and B, and blackline versions are attached as Exhibits C and D, respectively.

PacBio did not include in its complaint willful infringement allegations because, under the then-governing pleading standards in this District, it concluded that it was imprudent to do so without awaiting discovery.  As it turns out, discovery so far has exposed substantial evidence of willful infringement.

ONT produced an email exchange between Chief Executive Officer of ONT Ltd., Gordon Sanghera, and the President of ONT, Inc., Spike Willcocks, admitting to ███████████████████████████████████████████████████████.  *See* Exhibit E.  Mr. Willcocks notified Mr. Sanghera of ███████████████████████████████████████████████████████████████████████████████  *Id.* at 2.  He expressed ███████████████████████████████████████████████████████████████████  *Id.* Mr. Sanghera ███████  *Id.* at 1.  ONT has refused to present Mr. Sanghera for deposition to address this (among other things) and PacBio is in the process of seeking to compel his deposition.  D.I. 260.  Given the strong evidence of willfulness that has emerged, and the stage of the case, PacBio seeks to amend now, even though it has not had the opportunity to question Mr. Sanghera, who has been identified as the ONT executive ███████████████████████████████████████  Exhibit F at 159:24-160:10.

ONT has not presented any evidence of good faith notwithstanding its long-standing concerns about PacBio's nanopore patent estate.  Indeed, in discovery ONT misleadingly claims that it only learned of the '929, '056, and '323 Patents when the complaints were filed and omitted ████████████████████████████████████████████████████████████.  Exhibit G at 9.  On the contrary, the depositions conducted to date establish ONT █████████████████████████████████████████ had to know of the patents before they were asserted in litigation.  Dr. Willcocks, and Mr. James McDonald, ONT Ltd.'s

Legal Advisor were deposed on May 1, 2019 and May 29, 2019.  They admitted ████████. *See e.g.,* Exhibit F at 196:10-24 and 200:6-24 (████████); exhibit H at 94:11-25 ████████), 98:20-99:12 ████████).

ONT's knowledge of PacBio's patents, ████████ and continual infringement is evidence of willful infringement in the face of the strong infringement case established by the claim charts in the complaints.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Courts in this Circuit adopt "a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits rather than on technicalities." *Abbott Labs v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007). Leave to amend should be freely given absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Cellectis S.A., v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 614 (D. Del. 2012). None of these factors are present here.

Federal Rule of Civil Procedure 16(b) also applies when a party moves to amend past the date set by the scheduling order.  *E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, No. 15-785-LPS, 2016 WL 6693113, at *1 & n.2 (D. Del. Nov. 14, 2016).  Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm.*, 2016 WL 6693113, at * 1.  "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 521 (D. Del. 2010) (internal quotations and citations omitted).  As discussed below, PacBio has good cause for filing this motion, ONT will suffer no undue prejudice, and its amendment is not futile.  Accordingly, the Court should grant PacBio's Motion.

**I.     PacBio has not unduly delayed in seeking leave to amend and brings this motion in good faith with no dilatory motive**

PacBio acted promptly in seeking leave to amend.  After Mr. McDonald and Dr. Willcocks's depositions, and even before Mr. Sanghera is deposed, PacBio approached ONT within a month about amending PacBio's complaint to include willful infringement.  Oxford stated its position on PacBio's willfulness claims in correspondence regarding the deposition of Mr. Sanghera on June 17, and the parties met and conferred on June 24.  PacBio provided a blackline of the amended complaints on June 28.  ONT informed PacBio that it would oppose an amendment at 5:59pm on July 3.  PacBio has acted reasonably in filing this motion at this stage of the case. *See Guardant Health, Inc. v. Personal Genome Diagnostics, Inc.*, Case No. 17-1623-LPS-CJB, D.I. 277 (D. Del. June 5, 2019) (Granting motion to amend complaint to add willfulness based on deposition testimony offered after the deadline to amend.); *TC Tech. LLC v. Sprint Corp.*, No. 16-CV-153-

RGA, 2019 WL 529678, at \*4 (D. Del. Feb. 11, 2019) (amendment permitted when movant filed motion two months after deposition); *Roquette Freres v. SPI Pharma, Inc.*, No. 06-540-GMS, 2009 WL 1444835, at \*5-6 (D. Del. May 21, 2009) (amendment permitted when depositions did not occur until six months after cut-off date for amendment, and movant filed motion a month and a half after deposition).  There is no evidence to indicate that PacBio's motion to amend is a delay tactic.

## II.     Granting PacBio's Motion would not cause undue prejudice to ONT

ONT has not identified any unfair prejudice if PacBio's willful infringement allegation is added to the complaint.  *See TC Tech. LLC,* 2019 WL 529678, at \*3 (finding insufficient prejudice to deny leave to amend in part because information addressing the new issue would primarily be within the control of the non-moving party).

## III.    PacBio's willful infringement allegations are not futile

Finally, PacBio's amendments are not futile.  An amendment is futile only if it fails to satisfy the standards of legal sufficiency under Rule 12(b)(6).  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  As this Court has held, "[I]n order to sufficiently plead willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Valinge Innovation AB v. Halstead New England Corp.*, No. CV 16-1082-LPS-CJB, 2018 WL 2411218, at \*13 (D. Del. May 29, 2018). "At the pleading stage, it is not necessary to show that the case is egregious." *Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*, 267 F. Supp. 3d 499, 501 (D. Del. 2017).

PacBio's proposed amended complaint explains in detail how ONT knew of the patents-in-suit and refused to acknowledge  PacBio's patent rights.  For example, ONT was ███████████████████████ and had actual knowledge of the '400, '323, '929 and '056 patents before PacBio filed suit.  Exhibit A ¶¶ 30-32, 39; Exhibit B ¶¶ 34-36, 42.  Further, Mr. McDonald admitted that ████████████████████████████ ███████████████████████████ and when ONT responded to PacBio's interrogatories, in complete contrast to ONT's responses.  Exhibit B ¶ 42.

ONT also has no reasonable belief that it does not infringe the patents-in-suit or that they are invalid.  ONT filed *inter partes* reviews on three of the four patents-in-suit (the '400, '929 and '056 patents).  Institution was denied for both the '400 and '929 Patents, and ONT withdrew the '056 petition before a decision on institution could be reached.  These facts show that ONT knew of the patents-in-suit before PacBio filed its complaints, that ONT is willfully and deliberately infringing, and that it knew that its conduct amounted to infringement.  PacBio has provided more detail than what is necessary to plead willful infringement.

Accordingly, PacBio respectfully requests that the Court grant its motion for leave to file its Second Amended Complaint against ONT.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)