

FARNAN LLP

August 6, 2019

**VIA E-FILING**
The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
844 N. King Street
Room 3124, Unit 27
Wilmington, DE 19801-3556

**RE:** ***Pacific Biosciences of California, Inc. v. Oxford Nanopore Tech., Inc.***
**C.A. Nos. 17-cv-275, -1353-LPS**

Dear Magistrate Judge Hall:

Plaintiff Pacific Biosciences of California, Inc. ("PacBio") writes to respectfully request that the Court compel Defendants Oxford Nanopore Tech., Inc. and Oxford Nanopore Tech., Ltd. (collectively "ONT") to produce Gordon Sanghera, ONT's CEO, and Clive Brown, ONT's CTO, for deposition. ONT and PacBio are relatively small companies that are direct competitors in the growing field of long read DNA sequencing. PacBio was an early innovator in nanopore sequencing. ONT's entire business is based on nanopore sequencing and it infringes the four fundamental nanopore sequencing patents asserted in this case.

There is no valid reason why the two key employees responsible for ONT's company-wide infringement should be able to dodge depositions. ONT is not a large conglomerate with many product lines where an opportunistic patent monetizer is seeking to depose senior executives for purposes of harassment. ONT's witnesses each possess unique knowledge regarding important issues in this high-stakes case, and they plainly continue to closely monitor both PacBio and this litigation. Indeed, Dr. Brown only days ago used his public Twitter account to comment on PacBio's proposed merger with Illumina, and he has frequently tweeted about PacBio in the past. Ex. A. If ONT's executives have time to publicly comment on PacBio via Twitter, they have time to sit for depositions and account for the infringing technology they developed and are trying to sell broadly.

**Background**

PacBio noticed the depositions of Drs. Sanghera and Brown on May 14, 2019, more than two months prior to the July 15, 2019 close of fact discovery. Both depositions were noticed for June 14. At ONT's request, PacBio agreed to defer the Drs. Sanghera and Brown depositions until after the depositions of ONT's 30(b)(6) witnesses. Ex. B. As it turned out, the corporate depositions ***underscored*** the necessity of the Drs. Sanghera and Brown depositions by revealing that (1) [redacted] and (2) Dr. Brown is the most knowledgeable witness about the accused technology and ONT's designated 30(b)(6) witnesses were unable to testify competently regarding key, relevant technical issues that Dr. Brown has repeatedly discussed in public presentations.

ONT, despite failing to move for a protective order, continued to refuse to produce either witness for a deposition, on the theory that Drs. Sanghera and Brown are so-called "apex" witnesses that cannot be deposed absent special circumstances that purportedly are not present here. The parties were unable to resolve the issue despite multiple efforts.

**Applicable Legal Standards**

"Under the Federal Rules of Civil Procedure, a party may obtain discovery regarding non-privileged matters relevant to the claims or defenses in the case." *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12-CV-787(FLW)(LHG), 2017 WL 9481235, at *2 (D.N.J. Nov. 1, 2017), *report and recommendation adopted*, No. CV 12-787 (FLW)(LHG), 2017 WL 6539242 (D.N.J. Dec. 21, 2017) (citing Fed. R. Civ. P. 26(b)(1)). Consistent with the broad scope of discovery the Federal Rules permit, "a party is generally permitted to depose any person without leave of Court." *Id.* (citing Fed. R. Civ. P. 30(a)(1)). The judge-made "apex doctrine" that ONT relies upon does not purport to (and cannot) supplant the requirements of the Federal Rules. Instead, it is merely an analytical framework for applying Rule 26 in the context of requests to depose top-level corporate officers that ***lack personal knowledge of relevant facts***. *See In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 2:13-MD-02436, 2014 WL 3035791, at *2 (E.D. Pa. July 1, 2014) ("Federal courts have the ability to prohibit the depositions of high-level executives in cases where the executive has no firsthand knowledge of the facts, under a theory which has come to be known as the 'apex doctrine.'"). Courts have made clear that "[a] party seeking to preclude an 'apex' deposition in its entirety has a heavy burden of showing that such protection is warranted." *Engage Healthcare*, 2017 WL 9481235, at *5; *Medimmune, LLC v. PDL Biopharma, Inc.*, No. C08-05590 JF (HRL), 2010 WL 2640473, at *1 (N.D. Cal. June 30, 2010) ("A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied.").

**The Apex Doctrine Provides No Basis For ONT's Refusal To Permit Depositions Of Either Dr. Sanghera Or Dr. Brown**

Dr. Sanghara is responsible for ONT's infringing nanopore sequencing business. He authorized the use of the infringing nanopore sequencing techniques while [REDACTED] *See* Ex. C; Ex. D at 159:24-160:10. Spike Willcocks, Chief Business Development Officer, and corporate witness testified unequivocally: [REDACTED] Ex. D at 159:24-160:10. In short, Dr. Sanghera [REDACTED].

The apex doctrine has no force under these circumstances. This is not a case of a CEO of a diversified enterprise being compelled to testify regarding events of which he has no knowledge or merely remote contact. Rather, the CEO of a small, closely held corporation is being asked to testify regarding discussions and events that he ***personally participated in***, and ***decisions that he***

***personally made***, decisions that ultimately precipitated this litigation. The apex doctrine cannot bar such testimony. *In re Tylenol*, 2014 WL 3035791, at *3 (apex doctrine could not prevent deposition of former company President who "was actively involved in decision making regarding the marketing and product development of" the products at issue); *Medimmune*, 2010 WL 2640473, at *1 ("[W]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." (citations omitted)).

The same reasoning applies with even more force with respect to Dr. Brown. As CTO, Dr. Brown "leads the specification and design of the Company's nanopore-based sensing platform." Ex. E; *see also* Ex. J at 236:7-13 [REDACTED]). The notion that PacBio cannot question ONT's chief *technical* officer, who ONT admits "leads the specification and design" of ONT's accused products, regarding the technical characteristics of those products, lacks merit.

ONT's refusal to permit PacBio to question Dr. Brown is particularly prejudicial since PacBio's infringement contentions and expert reports rely heavily upon presentations and documents that Dr. Brown personally authored. *See* Exs. F, G, H. Indeed, Dr. Brown has repeatedly presented on these topics in public and has demonstrated a deep personal knowledge of highly relevant features of ONT's accused products. *See, e.g.*, *Owl Stretching With Examples*, available at https://www.youtube.com/watch?v=JmncdnQgaIE&feature=youtu.be; Ex. I. Yet over and over again, ONT deponents [REDACTED]. *See, e.g.*, Ex. J at 248:4-9 [REDACTED] 113:2-22; 115:2-18; Ex. K at 320:3-21, 469:17-20; Ex. L at 144:1-8; Ex. M at 76:11-25; Ex. D at 232:11-21, 238:10-19. Plainly, Dr. Brown is uniquely positioned to testify regarding the content of these critical documents and ONT's 30(b)(6) witnesses have proven unfit for the task.[1]

In addition, ONT's testimony and documents show that [REDACTED] *See* Ex. C. ONT's invocation of the "apex doctrine" is unsupported. *Otsuka Pharm. Co. v. Apotex Corp.*, No. CIV.A.07-1000(MLC), 2008 WL 4424812, at *5 (D.N.J. Sept. 25, 2008) ("[M]ultiple jurisdictions recognize that there is not a protective blanket that prohibits discovery from highly-placed executives."). For all the foregoing reasons, PacBio respectfully requests that the Court compel ONT to meet its obligations under Rule 30(b)(1) and produce Drs. Sanghera and Brown for their properly noticed depositions.

[1] Given these and other insufficiencies with the preparation of ONT's 30(b)(6) witnesses, PacBio has requested additional 30(b)(6) depositions on certain topics. Because ONT has refused, PacBio anticipates requesting a discovery teleconference on this issue shortly.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-Mail)