IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PACIFIC BIOSCIENCES OF CALIFORNIA,  )
INC.,                                )
                                   )
        Plaintiff,          )
                                   )
      v.                     )    C.A. No. 17-275 (LPS) (JLH)
                                   )    C.A. No. 17-1353 (LPS) (JLH)
OXFORD NANOPORE TECHNOLOGIES,  )
INC., and OXFORD NANOPORE       )
TECHNOLOGIES, LTD.,            )    REDACTED -- PUBLIC VERSION
                                   )
        Defendants.       )

**LETTER TO THE HONORABLE JENNIFER L. HALL
FROM JENNIFER YING REGARDING AUGUST 14TH
DISCOVERY DISPUTE CONFERENCE**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
jlyons@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
Jeff Gritton
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
(512) 322-2642

Elizabeth Durham Flannery
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Original Filing Date:  August 6, 2019
Redacted Filing Date:  August 13, 2019

Dear Judge Hall,

Defendants Oxford Nanopore Technologies, Inc. and Oxford Nanopore Technologies Ltd. (collectively, "ONT") respectfully request an order: (1) compelling Plaintiff Pacific Biosciences Inc. ("PacBio") to completely respond to ONT's Requests for Admission ("RFA") Nos. 24-26; and (2) prohibiting PacBio from disclosing ONT confidential information to Dr. Richard Fair.

I.      **PacBio Should Be Compelled to Provide Substantive Responses to RFA Nos. 24-26.**

RFA Nos. 24-26 seek PacBio's admission (or denial) regarding factual questions of knowledge of one of ordinary skill in the relevant time period. For example, RFA No. 24 asks:

> Admit that, as of the claimed priority date of the subject matter claimed in the '400 Patent, a person of ordinary skill in the relevant art would not have been able to determine the sequence of a nucleic acid by translocating said nucleic acid through a nanopore as described in the '400 Patent.

RFA Nos. 25 and 26 are essentially the same but are directed to the '323 and '929 patents, respectively.

On May 30, PacBio responded, refusing to provide substantive responses to these RFAs based on two objections: 1) that the phrase "determine the sequence of a nucleic acid by translocating said nucleic acid through a nanopore" was vague and ambiguous and 2) that the requests "improperly seeks legal conclusions and disclosure of expert opinion and testimony." Ex. A.

The parties met and conferred on June 17 and ONT followed up by email to provide additional explanation and case law as to why PacBio's objections lacked merit. In its response, PacBio did not address the points raised by ONT, but instead raised for the first time an objection that ONT's RFAs were compound because they required answers about multiple facts. Because PacBio's objections lack merit, it should be compelled to provide substantive responses to RFA Nos. 24-26.

First, PacBio's objection that language in the RFAs is vague and ambiguous fails because the language parallels that in the asserted patent claims. Specifically, the asserted claims of the '400, '323, and '929 patents each require determining the sequence of a nucleic acid as well as translocating a nucleic acid through a nanopore. Courts in this District have rejected patentees' attempts to avoid responding to RFAs by claiming that they cannot understand terms that were taken from the patents in suit. *See, e.g., Integra Lifesciences Corp., et al. v. Hyperbranch Medical Tech., Inc.*, C.A. No. 15-819-LPS-CJB, slip op. at 12 (D. Del. Sept. 27, 2017) (Ex. B). Further, PacBio has not explained why or how it contends that the language in the RFA—indeed, language from its own patent claims—is vague or ambiguous.

Second, PacBio's objections contending that the RFAs seek legal conclusions and expert testimony also fail. The RFAs do not seek legal conclusions, but are each directed to a factual question regarding the abilities of a person of skill in the art as of the relevant priority date. That an admission could ultimately be used to help prove an ultimate legal issue "does not change the fact that [the admissions] themselves are directed to factual questions." *Id.* at 5. Indeed, courts in this district have found that appropriate RFAs are those where "an affirmative response

The Honorable Jennifer L. Hall
August 6, 2019
Page 2

[would] reduce the burden on a jury at trial." *Id.* at 4; *see also* Fed. R. Civ. P. 36(a)(5) ("A party must not object solely on the ground that the request presents a genuine issue for trial.").

The case cited by PacBio in its RFA responses (Ex. A at 5-6) is distinguishable. There, the RFA at issue addressed whether the claims at issue had been broadened through a certificate of correction, which is a question of law. *Medigus Ltd. v. Endochoice, Inc.*, No. CV 15-505-LPS-CJB, 2016 WL 5791409, at *3 (D. Del. July 19, 2016). In contrast, the RFAs here are directed to factual issues that may be relevant to, but are not themselves, legal conclusions.

In addition, PacBio's objection that the RFAs seek the disclosure of expert opinion and testimony is also not a satisfactory basis for refusing to answer. Even if RFAs involve matters that may be the subject of expert opinions, PacBio is still required to provide its own position on that request, and may not avoid responding to such a request simply because it may require consulting that expert to answer. *See McKinney/Pearl Restaurant Partners, L.P. v. Metropolitan Life Insurance Comp.*, 322 F.R.D. 235, 253-54 (N.D. Tex. 2016); *see also Drutis v. Rand McNally & Co.*, 236 F.R.D. 325 (E.D. Ky. 2006); *House v. Giant of Maryland, LLC*, 232 F.R.D. 257 (E.D. Va. 2005); *Baugh v. Bayer Corp.*, No. 4:11-cv-525-RBH, 2012 WL 4069582 (D.S.C. Sept. 17, 2012). This is particularly true here where PacBio had already engaged and disclosed testifying experts within the fact discovery period. *See McKinney/Pearl Restaurant Partners*, 322 F.R.D. at 253-54.

Finally, PacBio has waived any objection that the RFAs are compound because it did not include the objection in its responses. *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 423 (N.D.W. Va. 2006); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, No. CIV. A. 88-9752, 1992 WL 394425, at *4 (E.D. Pa. Dec. 28, 1992). Further, the RFAs are not compound, but are each appropriately directed to a single factual question. The case referenced in PacBio's June 21 email (Ex. C) is illustrative. There, the court found that a RFA directed to whether multiple compounds were disclosed in several patent applications was compound because it required a separate inquiry into whether each compound was disclosed in each application. *Integra Lifesciences*, slip op. at 8-9. By contrast, the RFAs here are each directed to a single inquiry, and there is a separate RFA for each of the relevant patents.

## II.     Dr. Fair Should Be Prohibited from Accessing ONT's Confidential Information.

As an initial matter, the parties exchanged opening expert reports on July 29, but PacBio did not serve any report from Dr. Fair. Nor has PacBio otherwise indicated why they still wish to give Dr. Fair access to ONT's confidential information. Nonetheless, since PacBio has not withdrawn its request to qualify Dr. Fair, this issue is ripe for the Court's resolution. As explained below, Dr. Fair should be prohibited from accessing ONT confidential information due to his conflict of interest as co-founder and Chairman of the Scientific Advisory Board of Advanced Liquid Logic ("ALL"), and his active work in the field of digital microfluidics technology.

ALL is owned by Illumina (*see* Ex. D), a sequencing company that has specifically targeted ONT several times. Illumina previously sued ONT for alleged patent infringement (*see, e.g.,* Certain Nanopores and Products Containing Same, ITC Investigation No. 337–TA–991), and announced in November 2018 its planned acquisition of PacBio. ALL is developing a product

The Honorable Jennifer L. Hall
August 6, 2019
Page 3

relating to digital microfluidics technology that manipulates droplets of fluid to perform complex lab protocols. Ex. D. Dr. Fair's resume, as provided by PacBio, discloses that Dr. Fair is and has been serving as the "Chairman, Scientific Advisory Board" of ALL from "2004-present." Ex. E at 3. In addition, Dr. Fair's biography webpage indicates that he is actively working on developing that technology. Ex. F. Dr. Fair is also a named inventor on several pending U.S. patent applications relating to digital microfluidics technology, including at least one assigned to ALL (*see, e.g.*, U.S. Patent App. No. 15/099147), that are actively being prosecuted.

This technology being developed by ALL/Illumina and Dr. Fair is potentially competitive to ONT's VolTRAX product, a small device designed to perform library preparation automatically by moving liquids around a cartridge in a path programmed by software. Ex. G. In this case, ONT has produced thousands of pages of documents containing confidential technical information, including information about the development of VolTRAX and related products. For example, ONT's production includes product development plans, technical information about product specifications, and information about component suppliers and manufacturing. *See, e.g.*, Exs. H & I.

The Protective Order (D.I. 41) is designed to ensure that the parties' proprietary business information and trade secrets cannot be obtained by competitors and potential competitors who may use such information in their own business and patenting efforts. *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information."). If given access to ONT's confidential information regarding its VolTRAX products, Dr. Fair's knowledge of that information could impact, for example, how he advises ALL and/or Illumina in the development of their own technologies. In addition, there is the risk that Dr. Fair inadvertently misuses ONT confidential information in the prosecution of his pending patent applications. PacBio's counsel's only response to these concerns is that Dr. Fair's past interactions with ALL have been "strictly advisory" and relating to "scientific matters". Ex. J at 1. But these vague characterizations, even if correct, do not avoid the prejudice that Dr. Fair's access might cause ONT. Nor do they override Dr. Fair's own published statements indicating that he is directly involved in both developing and patenting technology potentially competitive to ONT's VolTRAX technology. As such, disclosure of ONT confidential information to Dr. Fair would prejudice ONT's ability to protect its confidential development information from disclosure to potential competitors. *Gillette Co. v. Dollar Shave Club, Inc.*, No. CV 15-1158-LPS-CJB, 2018 WL 3528720, at *2 (D. Del. July 23, 2018) (finding good cause to deny access to confidential information where expert previously worked for competitor, was an inventor on patents to related technology, and the party that retained expert "failed to show that they could not retain a highly-qualified invalidity expert who does not pose the same risk of inadvertent misuse of Plaintiff's Highly Confidential information").

\* \* \*

In view of the foregoing, ONT respectfully requests that the Court require PacBio to provide complete and accurate responses to RFA Nos. 24-26 at least 14 days in advance of the September 10, 2019 due date for the parties' responsive expert reports, and prohibit PacBio from disclosing any ONT confidential information to Dr. Fair.

The Honorable Jennifer L. Hall
August 6, 2019
Page 4

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

JY:ncf
Enclosures
cc:      Clerk of Court (by hand delivery)
         All Counsel of Record (by e-mail)