

August 22, 2019

VIA E-FILING
The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

**FILED UNDER SEAL**

RE: *Pacific Biosciences of California, Inc. v. Oxford Nanopore Tech., Inc.*
C.A. Nos. 17-cv-275, -1353-LPS

Dear Magistrate Judge Hall:

PacBio writes in opposition to ONT's motion to compel an additional deposition of Dr. Stephen Turner. ONT's motion is nothing more than tit-for-tat retaliation against PacBio for moving the Court on significant deficiencies in Dr. Reid's testimony. *See* C.A. No. 17-cv-275-LPS, D.I. 302. ONT was explicit upfront that this motion is retaliatory, stating "[i]f PacBio seeks relief from the court on this matter, ONT will seek to reopen the deposition of Stephen Turner." Ex. 1. ONT's motion underscores this point, taking a kitchen-sink approach of nitpicks without identifying specific topics for which it has an actual need for deposition discovery that it has not received. D.I. 301 at 2-3. ONT's request for relief does not even identify what topics Dr. Turner should be prepared to testify to in the requested second deposition. *Id.* at 3.

There is no topical focus to ONT's motion to compel, but its complaints can be collected into three categories: ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████ PacBio addresses ONT's complaints below, but welcomes the Court to review Dr. Turner's testimony. *See* D.I. 301, Ex. D.

First, ONT's allegation that Dr. Turner was unable to competently testify regarding the dates of conception for the Asserted Patents is incorrect. ████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████



Finally, this entire line of questioning was improper as this District has long held that contention deposition topics are impermissible. *See e.g. Axiohm IPS Inc. v. Epson Am., Inc.*, C.A. No. 00-420-SLR, Tr. at 4 (D. Del. Mar. 28, 2001) (Ex. 3).

ONT further complains that, notwithstanding Dr. Turner's testimony regarding the conception stories and dates for the Asserted Patents that he had not adequately prepared because he had not spoken with his co-inventors to prepare for his deposition. D.I. 301 at 3. The specific nature of ONT's complaint is unclear.

Next, ONT complains that Dr. Turner "evaded answering questions" about how a person would "determine the number of nucleotides in a particular type of nanopore." D.I. 301 at 2. This misrepresents Dr. Turner's testimony. Again, Dr. Turner provided the exact information ONT sought. "A witness cannot be compelled to submit a different answer to

---

[1] ONT's complaint about breaks during the deposition is baseless. D.I. 301 at 2.

[2] Furthermore, ONT deposed every other named inventor on the Asserted Patents in advance of Dr. Turner's deposition and had the benefit of their testimony in questioning Dr. Turner.

a question simply because plaintiffs were hoping to receive a different answer or are unable or unwilling to find the answer to the question elsewhere in the deposition." *Alexander v. F.B.I.*, 186 F.R.D. 78, 93 (D.D.C. 1998).

Finally, ONT raises a grab bag of assorted complaints, all of which are inaccurate and/or irrelevant. D.I. 301 at 3. For example, ONT complains that Dr. Turner was unprepared to testify regarding ▮ *Id.* This is incorrect. ▮ ▮ o say Dr. Turner was unprepared is simply wrong.

ONT similarly argues that Dr. Turner was unprepared to testify regarding PacBio's "activities in monitoring and analyzing ONT's accused products." D.I. 301 at 3. ▮ Dr. Turner was prepared and did testify on this topic.

ONT next argues that Dr. Turner was unprepared to testify regarding purported copying of the patented inventions by ONT. This is also inaccurate. ▮

ONT's complaints regarding Dr. Turner's testimony are not supported by the record. Despite its complaints, ONT fails to identify any topics on which it needs further discovery. Dr. Turner provided comprehensive testimony and ONT's retaliatory motion should be denied.

                    Respectfully submitted,

                    /s/ Brian E. Farnan

                    Brian E. Farnan

cc:    Counsel of Record (via E-Mail)