IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PACIFIC BIOSCIENCES OF CALIFORNIA, )
INC., )
)
            Plaintiff, )
)
        v. )        C.A. No. 17-1353 (LPS)
)
OXFORD NANOPORE TECHNOLOGIES, )      REDACTED -- PUBLIC VERSION
INC., and OXFORD NANOPORE )
TECHNOLOGIES, LTD., )
)
            Defendants. )

**DEFENDANT OXFORD NANOPORE TECHNOLOGIES, INC.'S
ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FOURTH
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Oxford Nanopore Technologies, Inc. ("Oxford, Inc." or Defendant) by and through its undersigned counsel, hereby responds to Plaintiff Pacific Biosciences of California, Inc.'s ("PacBio" or "Plaintiff") Fourth Amended Complaint for Patent Infringement ("Fourth Amended Complaint") filed on July 11, 2019 and allowed by the Court on August 15, 2019.

As an initial matter, Oxford, Inc. denies each and every allegation contained in the Fourth Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. Additionally, to the extent that the headings or any other non-numbered statements in the Fourth Amended Complaint contain any allegations, Oxford, Inc. denies each and every such allegation. Oxford, Inc. includes headings herein solely for purposes of clarity.

## NATURE OF THE ACTION

1.      Oxford, Inc. admits that the Fourth Amended Complaint purports to state a claim for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1, et seq. Oxford, Inc. denies any remaining allegations of paragraph 1.

2.      Oxford, Inc. admits that the Fourth Amended Complaint purports to bring an action arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq. Oxford, Inc. denies any remaining allegations of paragraph 2.

## THE PARTIES

3.      Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 3 and, therefore, denies them.

4.      Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 4 and, therefore, denies them.

5.      Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 5 and, therefore, denies them.

6.      Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 6 and, therefore, denies them.

7.      Oxford, Inc. admits that Oxford Nanopore Technologies, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 1 Kendall Square, Bldg. 200, Cambridge, Massachusetts 02139. Oxford, Inc. is unsure what PacBio means by "engaged in commercialization." Oxford, Inc. admits that it has sold or distributed products under the trademarks MinION, PromethION, and GridION X5, as well as reagents and kits for use with the same, in the United States. Oxford, Inc. denies any remaining allegations of paragraph 7.

8.      Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 8, and therefore denies them.

## JURISDICTION AND VENUE

9.      Oxford, Inc. admits that the Fourth Amended Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq. Oxford, Inc. denies any remaining allegations of paragraph 9.

10.     Oxford, Inc. admits that this Court has subject matter jurisdiction over causes of action for alleged patent infringement based on 28 U.S.C. §§ 1331 and 1338(a).  Oxford, Inc. denies any remaining allegations of paragraph 10.

11.     Oxford, Inc. admits that this Court has personal jurisdiction over Oxford, Inc. for purposes of this action only. Oxford, Inc. admits that it has conducted business in Delaware and is incorporated under Delaware law.  Oxford, Inc. denies any remaining allegations of paragraph 11.

12.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 12, and therefore denies them.

13.     Oxford, Inc. admits that Exhibit 39, which appears to be a printout of https://sites.udel.edu/wisserlab/people, states, *inter alia*, than an individual is "our resident expert on Oxford Nanopore MinION sequencing."  Oxford, Inc. admits that Exhibit 14 appears to be a document stating, *inter alia*, "Oxford Nanopore Technologies Ltd. Nanopore Community Terms and Conditions – 30 March 2017."    Oxford, Inc. admits that Exhibit 15 appears to be a document stating, *inter alia*, "Nanopore Product Terms and Conditions."  Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 13, and therefore denies them.

14.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 14, and therefore denies them.

15.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 15, and therefore denies them.

16.     Oxford, Inc. admits that Spike Willcocks and James McDonald are officers of Oxford, Inc.   Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 16, and therefore denies them.

17.     Oxford, Inc. admits that Exhibit 42, which appears to be a printout of https://www.linkedin.com/in/sisseljuul/, states, *inter alia*, "Sissel Juul Jensen."   Oxford, Inc. admits that Exhibit 17, which appears to be a printout of https://www.linkedin.com/in/spike-willcocks-88319b32/, states, *inter alia*, "Spike Willcocks."   Oxford, Inc. admits that Exhibit 18, which appears to be a printout of https://www.linkedin.com/in/james-brayer-b751386, states, *inter alia*, "James Brayer." Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 17, and therefore denies them.

18.     Oxford, Inc. admits that Exhibit 45, which appears to be a printout of https://nanoporetech.com/contact, states, *inter alia*, "Oxford Headquarters."   Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 18, and therefore denies them.

19.     Oxford, Inc. admits that Baker Botts L.L.P. is its legal counsel in the present action and in Investigation No. 337-TA-1032 at the International Trade Commission ("ITC"). Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 19, and therefore denies them.

20.     Oxford, Inc. admits that with regards to Oxford, Inc., venue is proper in this Court under 28 U.S.C. § 1400(b) because Oxford, Inc. is a Delaware corporation. Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 20, and therefore denies them.

## BACKGROUND

21.     Oxford, Inc. is unsure what PacBio means by "commercializing." Oxford, Inc. admits that it has distributed products under the following trademarks MinION, PromethION, and GridION X5, as well as reagents and kits for use with the same in the United States. ████ ███████████████████████████████████████████████ Oxford, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21, and therefore denies them.

22.     Oxford, Inc. admits that it has distributed instruments under the following trademarks MinION, PromethION, and GridION X5, as well as reagents, consumables, and/or software for use therewith.  Oxford, Inc. admits that paragraph 22 includes what appears to be illustrations of the exterior and interior of a MinION device.  Oxford, Inc. further admits that paragraph 22 includes what appears to be an illustration of a nanopore as seen in Exhibit 7 of the Third Amended Complaint.  Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case. Oxford, Inc. denies any remaining allegations of paragraph 22.

23.     Oxford, Inc. admits that Exhibit 8 to the Third Amended Complaint, which appears to be a printout of the biostars.org website, states, *inter alia*, "[t]he PromethION, a whole box of MinION sequencers."  Oxford, Inc. admits that paragraph 23 includes what appears to be

an illustration of a PromethION instrument.  Oxford, Inc. denies any remaining allegations of paragraph 23.

24.     Oxford, Inc. admits that Exhibit 15 to the Third Amended Complaint, which appears to be a printout of the nanoporetech.com/products/gridion website, states, *inter alia*, "GridION X5 is a compact benchtop system designed to run and analyze up to five MinION Flow Cells." Oxford, Inc. admits that paragraph 24 includes what appears to be an illustration of a GridION X5 instrument. Oxford, Inc. denies any remaining allegations of paragraph 24.

25.     Oxford, Inc. admits that Exhibit 14 to the Third Amended Complaint, which appears to be a printout of the nanoporetech.com/products/smidgeon website, states, *inter alia*, "SmidgION uses the same core nanopore sensing technology as MinION and PromethION but will be designed for use with smartphones or other mobile, low power devices." Oxford, Inc. admits that paragraph 25 includes what appears to be an illustration of a SmidgION instrument. Oxford, Inc. denies any remaining allegations of paragraph 25.

26.     Oxford, Inc. admits that Exhibit 35 to the Third Amended Complaint, which appears to be a printout of the nanoporetech.com/products/flongle website, states, *inter alia*, "Flongle is an adapter (flow cell dongle) for MinION or GridION that enables direct, real-time DNA or RNA sequencing on smaller, single-use flow cells." Oxford, Inc. admits that paragraph 26 includes what appears to be an illustration of a Flongle adapter. Oxford, Inc. denies any remaining allegations of paragraph 26.

27.     Oxford, Inc. admits that paragraph 27 includes what appears to be an illustration of DNA being drawn through a hole. Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the

Accused Products identified by PacBio separately in this case. Oxford, Inc. denies any remaining allegations of paragraph 27.

28.     Oxford, Inc. admits that paragraph 28 includes what appear to be excerpts from (i) Respondents Oxford Nanopore Technologies Ltd., Oxford Nanopore Technologies, Inc., and Metrichor, Ltd.'s Opposition to Complainant's Motion for Leave to Submit a Reply in Support of Its Petition for Review, Exhibit 29, and (ii) Respondents Oxford Nanopore Technologies Ltd., Oxford Nanopore Technologies, Inc., and Metrichor, Ltd.'s Response to Complainant Pacific Bioscience of California Inc.'s Petition for Review of Initial Determination Granting Summary Determination of Noninfringement in Investigation No. 337-TA-1032 at the United States International Trade Commission, Exhibit 30. Oxford, Inc. denies any remaining allegations of paragraph 28.

29.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 29, and therefore denies the same.

30.     Oxford, Inc. is unsure what systems PacBio intends to encompass by the phrase "nanopore-based DNA sequencing systems." Oxford, Inc. is unsure what PacBio intends to encompass by the phrases "the signal that results" and "interacts with the nanopore." Oxford, Inc. is also unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case. Oxford, Inc. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations regarding sequencing systems generally, and therefore denies the same. Oxford, Inc. denies any remaining allegations of paragraph 30.

31.     Oxford, Inc. is unsure what PacBio intends to encompass by the phrases "modified enzyme," "modulates the rate of translocation," and "better capture the signals that

arise from the nanopore." Oxford, Inc. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations regarding sequencing systems generally or any "increased accuracy," and therefore denies the same. Oxford, Inc. denies any remaining allegations of paragraph 31.

32.     Oxford, Inc. admits that paragraph 32 includes what appears to be an excerpt from U.S. Patent Application Publication No. US 2016/0281159 at Exhibit 28.  Oxford, Inc. denies any remaining allegations of paragraph 32.

## ALLEGED WILLFUL INFRINGEMENT

33.     Oxford, Inc. denies the allegations of paragraph 33.

34.     Oxford, Inc. denies the allegations of paragraph 34.

35.     To the extent the allegations of paragraph 35 purport to characterize witness testimony, said testimony speaks for itself.  Oxford, Inc. denies the allegations of paragraph 35.

36.     Oxford, Inc. admits that ONTS.ITC.00029591 was a document produced in Investigation No. 337-TA-1032 at the International Trade Commission.  To the extent the allegations of paragraph 36 purport to characterize the contents of written documents, said documents speak for themselves.  Oxford, Inc. denies any remaining allegations of paragraph 36.

37.     Oxford, Inc. admits that ONTS.ITC.00004332 was a document produced in Investigation No. 337-TA-1032 at the International Trade Commission.  To the extent the allegations of paragraph 37 purport to characterize the contents of written documents, said documents speak for themselves.  Oxford, Inc. denies any remaining allegations of paragraph 37.

38.     Oxford, Inc. admits that ONTS.ITC.00762348 was a document produced in Investigation No. 337-TA-1032 at the International Trade Commission.  To the extent the allegations of paragraph 38 purport to characterize the contents of written documents, said documents speak for themselves.  Oxford, Inc. denies any remaining allegations of paragraph 38.

39.     To the extent the allegations of paragraph 39 purport to characterize witness testimony, said testimony speaks for itself.  Oxford, Inc. denies the allegations of paragraph 39.

40.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 40 and, therefore, denies them.

41.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 41 and, therefore, denies them.

42.     To the extent the allegations of paragraph 42 purport to characterize witness testimony, said testimony speaks for itself.  Oxford, Inc. denies the allegations of paragraph 42.

## COUNT I

### (Alleged Infringement of U.S. Patent No. 9,678,056)

43.     Oxford, Inc. repeats and restates its answers to the preceding paragraphs herein and incorporates them herein by reference as though fully set forth in their entirety. Oxford, Inc. denies any remaining allegations of paragraph 43.

44.     Oxford, Inc. admits that U.S. Patent No. 9,678,056 ("the '056 Patent") is, on its face, entitled "Control of Enzyme Translocation in Nanopore Sequencing." Oxford, Inc. admits that the face of the '056 Patent indicates it was issued on June 13, 2017, and lists as inventors Steven Turner and Benjamin Flusberg. Oxford, Inc. admits that the face of the '056 Patent indicates that it is assigned to Plaintiff PacBio. Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 44, and therefore denies the same.

45.     Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case. Oxford, Inc. denies that it has infringed or continues to

infringe any valid claim of the '056 Patent, literally or under the doctrine of equivalents. Oxford, Inc. denies any remaining allegations of paragraph 45.

46.     Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term. Oxford, Inc. denies that it has infringed or continues to infringe any valid claim of the '056 Patent, literally or under the doctrine of equivalents. Oxford, Inc. denies that Exhibit 3 is or purports to be a preliminary and exemplary claim chart detailing Oxford, Inc.'s alleged infringement of any claims of the '056 Patent. Oxford, Inc. admits that Exhibit 3 contains a claim chart for certain claims of the '056 Patent. Oxford, Inc. denies any remaining allegations of paragraph 46.

47.     Oxford, Inc. admits that paragraph 37 includes what appears to be an excerpt of claim 1 from the '056 Patent. Oxford, Inc. denies any remaining allegations of paragraph 47.

48.     Oxford, Inc. denies the allegations of paragraph 48.

49.     Oxford, Inc. admits that on its face, the '056 Patent appears to have been issued on June 13, 2017. ███████████████████████████████████████████

███████████████████████████████████████████

████     Oxford, Inc. denies any remaining allegations of paragraph 49.

50.     Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case. Oxford, Inc. admits that Oxford, Inc. has distributed its MinION instrument and PromethION instrument within the United States. Oxford, Inc. admits that paragraph 50 appears to reference an excerpt of the Response of Oxford, Inc. Nanopore Technologies Ltd., Oxford, Inc. Nanopore Technologies, Inc., and Metrichor, Ltd. to the

Complaint of PacBio of California, Inc., and Notice of Investigation for Investigation No. 337-TA-1032 at Exhibit 10, ¶ 53. Oxford, Inc. denies any remaining allegations of paragraph 50.

51.    Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case.  Oxford, Inc. admits that Exhibit 11 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com, states, *inter alia*, that the technology in at least certain of Oxford, Inc.'s products offers "real-time DNA/RNA sequencing," "no capital cost," "long reads," "scalability," and "high-fidelity." Oxford, Inc. denies any remaining allegations of paragraph 51.

52.    Oxford, Inc. admits that customers in the United States may order starter packs for Oxford, Inc.'s MinION instruments from the website https://nanoporetech.com. Oxford, Inc. admits that Exhibit 12 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/getting-started-with-minion, states, *inter alia*, "[b]uy a Starter Pack to join the growing numbers in the Nanopore Community." Oxford, Inc. admits that Exhibit 13 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/community/promethion-early-access-programme, states, *inter alia*, that participants in a "PromethION Early Access Programme" will receive at least "[a] PromethION device," "site installation support," and "a number of flow cells and reagent kits to validate the technology." Oxford, Inc. admits that Exhibit 14 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/products/smidgion, states, *inter alia*, that "SmidgION is being designed to allow analyses by more people and in more locations." Oxford, Inc. admits that Exhibit 35 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/products/flongle, states, *inter alia*,

that Flongle availability is planned for "early access followed by release to general uses within 2018" and that Flongle "is currently for research use only." Oxford, Inc. denies any remaining allegations of paragraph 52.

53.     Oxford, Inc. denies the allegations of paragraph 53.

54.     Oxford, Inc. denies the allegations of paragraph 54.

55.     Oxford, Inc. admits that flowcells for use in the MinION and PromethION instruments include protein nanopores that may be used with certain reagents in methods for sequencing nucleic acid molecules. Oxford, Inc. denies any remaining allegations of paragraph 55.

56.     Oxford, Inc. denies the allegations of paragraph 56.

57.     Oxford, Inc. denies the allegations of paragraph 57.

## COUNT II

### (Alleged Infringement of U.S. Patent No. 9,738,929)

58.     Oxford, Inc. repeats and restates its answers to the preceding paragraphs herein and incorporates them herein by reference as though fully set forth in their entirety.  Oxford, Inc. denies any remaining allegations of paragraph 58.

59.     Oxford, Inc. admits that U.S. Patent No. 9,738,929 ("the '929 Patent") is, on its face, entitled "Nucleic Acid Sequence Analysis." Oxford, Inc. admits that the face of the '929 Patent indicates it was issued on August 22, 2017, and lists as inventors Steven Turner, Jon Sorenson, Kenneth Mark Maxham, John Eid, Cheryl Heiner, and Kevin Travers. Oxford, Inc. admits that the face of the '929 Patent indicates that it is assigned to Plaintiff PacBio. Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 59, and therefore denies the same.

60.     Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case.  Oxford, Inc. denies that it has infringed or continues to infringe any valid claim of the '929 Patent, literally or under the doctrine of equivalents. Oxford, Inc. denies any remaining allegations of paragraph 60.

61.     Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case. Oxford, Inc. denies that it has infringed or continues to infringe any valid claim of the '929 Patent, literally or under the doctrine of equivalents. Oxford, Inc. denies that Exhibit 4 is or purports to be a preliminary and exemplary claim chart detailing Oxford, Inc.'s alleged infringement of any claims of the '929 Patent. Oxford, Inc. admits that Exhibit 4 contains a claim chart for certain claims of the '929 Patent. Oxford, Inc. denies any remaining allegations of paragraph 61.

62.     Oxford, Inc. admits that paragraph 62 includes what appears to be an excerpt of claim 1 from the '929 Patent. Oxford, Inc. denies any remaining allegations of paragraph 62.

63.     Oxford, Inc. denies the allegations of paragraph 63.

64.     Oxford, Inc. denies the allegations of paragraph 64.

65.     Oxford, Inc. denies the allegations of paragraph 65.

66.     Oxford, Inc. denies the allegations of paragraph 66.

67.     Oxford, Inc. admits that U.S. Patent Application Publication No. US 2016/0281159 is entitled "Hairpin Loop Method for Double Strand Polynucleotide Sequencing Using Transmembrane Pores." Oxford, Inc. denies any remaining allegations of paragraph 67.

68.     Oxford, Inc. admits that paragraph 68 includes what appear to be excerpts from Exhibit 31, which appears to be a copy of an Amendment and Response from the prosecution history of U.S. Application Serial No. 13/147,159. Oxford, Inc. also admits that Exhibit 32 appears to be a copy of U.S. Patent Application Publication No. US 2012/0058468, which corresponds to U.S. Application Serial No. 13/147,159. Oxford, Inc. denies any remaining allegations of paragraph 68.

69.     Oxford, Inc. admits that paragraph 69 includes what appears to be an excerpt from Exhibit 32, which appears to be a copy of U.S. Patent Application Publication No. US 2012/0058468 corresponding to U.S. Application Serial No. 13/147,159. Oxford, Inc. denies any remaining allegations of paragraph 69.

70.     Oxford, Inc. admits that claims 6 and 7 of the '929 Patent, which depend from claim 1, recite a polynucleotide that is "greater than 75% double-stranded DNA" and "greater than 90% double-stranded DNA" respectively. Oxford, Inc. denies any remaining allegations of paragraph 70.

71.     Oxford, Inc. admits that claim 8 of the '929 Patent, which depends from claim 1, recites "complementary strands are linked." Oxford, Inc. admits that claim 10 of the '929 Patent, which depends from claim 8, recites "a linker comprising a nucleotide." Oxford, Inc. admits that claim 11 of the '929 Patent, which depends from claim 10, recites that "the linker comprises an oligonucleotide." Oxford, Inc. denies any remaining allegations of paragraph 71.

72.     Oxford, Inc. denies the allegations of paragraph 72.

73.     Oxford, Inc. admits that on its face, the '929 Patent appears to have been issued on August 22, 2017. ██████████████████████████████████████████

████████████████████████████████████████

████ Oxford, Inc. denies any remaining allegations of paragraph 73.

74.     Oxford, Inc. admits that paragraph 74 appears to reference an excerpt of the Response of Oxford, Inc. Nanopore Technologies Ltd., Oxford, Inc. Nanopore Technologies, Inc., and Metrichor, Ltd. to the Complaint of PacBio of California, Inc., and Notice of Investigation for Investigation No. 337-TA-1032 at Exhibit 10, ¶ 53.  Oxford, Inc. denies any remaining allegations of paragraph 74.

75.     Oxford, Inc. admits that Exhibit 11 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com, states, *inter alia,* that the technology in at least certain of Oxford, Inc.'s products offers "real-time DNA/RNA sequencing," "no capital cost," "long reads," "scalability," and "high-fidelity." Oxford, Inc. denies any remaining allegations of paragraph 75.

76.     Oxford, Inc. admits that customers in the United States may order starter packs for Oxford, Inc.'s MinION or GridION X5 instruments from the website https://nanoporetech.com. Oxford, Inc. admits that Exhibit 12 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/getting-started-with-minion, states, *inter alia,* "[b]uy a Starter Pack to join the growing numbers in the Nanopore Community." Oxford, Inc. admits that Exhibit 13 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/community/promethion-early-access-programme, states, *inter alia,* that participants in a "PromethION Early Access Programme" will receive at least "[a] PromethION device," "site installation support," and "a number of flow cells and reagent kits to validate the technology." Oxford, Inc. admits that Exhibit 14 to the Third Amended Complaint, which appears to be a printout from the website

https://nanoporetech.com/products/smidgion, states, *inter alia,* that "SmidgION is being designed to allow analyses by more people and in more locations." Oxford, Inc. admits that Exhibit 35 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/products/flongle, states, *inter alia,* that Flongle availability is planned for "early access followed by release to general uses within 2018" and that Flongle "is currently for research use only." Oxford, Inc. denies that Exhibit 36 to the Third Amended Complaint, which appears to be a printout from the website https://www.nature.com /articles/nrmicro2850_BX2, states that Oxford, Inc. "plan[s] to release Flongle into early access followed by release to general uses within 2018." Oxford, Inc. denies any remaining allegations of paragraph 76.

77.     Oxford, Inc. denies the allegations of paragraph 77.

78.     Oxford, Inc. denies the allegations of paragraph 78.

79.     Oxford, Inc. admits that flowcells for use in the MinION and PromethION instruments include protein nanopores that may be used with certain reagents in methods for sequencing nucleic acid molecules. Oxford, Inc. denies any remaining allegations of paragraph 79.

80.     Oxford, Inc. denies the allegations of paragraph 80.

81.     Oxford, Inc. denies the allegations of paragraph 81.

## COUNT III

### (Alleged Infringement of U.S. Patent No. 9,772,323)

82.     Oxford, Inc. repeats and restates its answers to the preceding paragraphs herein and incorporates them herein by reference as though fully set forth in their entirety. Oxford, Inc. denies any remaining allegations of paragraph 82.

83.     Oxford, Inc. admits that U.S. Patent No. 9,772,323 ("the '323 Patent") is, on its face, entitled "Nanopore Sequencing Using N-mers." Oxford, Inc. admits that the face of the '323 Patent indicates it was issued on September 26, 2017, and lists as inventors Steven Turner and Benjamin Flusberg.  Oxford, Inc. admits that the face of the '323 Patent indicates that it is assigned to Plaintiff PacBio. Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 83, and therefore denies the same.

84.     Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case. Oxford, Inc. denies that it has infringed or continues to infringe any valid claim of the '323 Patent, literally or under the doctrine of equivalents. Oxford, Inc. denies any remaining allegations of paragraph 84.

85.     Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case. Oxford, Inc. denies that it has infringed or continues to infringe any valid claim of the '323 Patent, literally or under the doctrine of equivalents. Oxford, Inc. denies that Exhibit 34 is or purports to be a preliminary and exemplary claim chart detailing Oxford, Inc.'s alleged infringement of any claims of the '323 Patent. Oxford, Inc. admits that Exhibit 34 contains a claim chart for certain claims of the '323 Patent. Oxford, Inc. denies any remaining allegations of paragraph 85.

86.     Oxford, Inc. admits that paragraph 86 includes what appears to be an excerpt of claim 1 from the '323 Patent. Oxford, Inc. denies any remaining allegations of paragraph 86.

87.     Oxford, Inc. denies the allegations of paragraph 87.

88.     Oxford, Inc. denies the allegations of paragraph 88.

89.     Oxford, Inc. admits that paragraph 89 appears to reference an excerpt of the Response of Oxford, Inc. Nanopore Technologies Ltd., Oxford, Inc. Nanopore Technologies, Inc., and Metrichor, Ltd. to the Complaint of PacBio of California, Inc., and Notice of Investigation for Investigation No. 337-TA-1032 at Exhibit 10, ¶ 53. Oxford, Inc. denies any remaining allegations of paragraph 89.

90.     Oxford, Inc. admits that Exhibit 11 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com, states, *inter alia*, that the technology in at least certain of Oxford, Inc.'s products offers "real-time DNA/RNA sequencing," "no capital cost," "long reads," "scalability," and "high-fidelity." Oxford, Inc. denies any remaining allegations of paragraph 90.

91.     Oxford, Inc. admits that customers in the United States may order starter packs for Oxford, Inc.'s MinION or GridION X5 instruments from the website https://nanoporetech.com. Oxford, Inc. admits that Exhibit 12 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/getting-started-with-minion, states, *inter alia*, "[b]uy a Starter Pack to join the growing numbers in the Nanopore Community." Oxford, Inc. admits that Exhibit 13 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/community/promethion-early-access-programme, states, *inter alia*, that participants in a "PromethION Early Access Programme" will receive at least "[a] PromethION device," "site installation support," and "a number of flow cells and reagent kits to validate the technology." Oxford, Inc. admits that Exhibit 14 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/products/smidgion, states, *inter alia*, that "SmidgION is being

designed to allow analyses by more people and in more locations." Oxford, Inc. admits that Exhibit 35 to the Third Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/products/flongle, states, *inter alia*, that Flongle availability is planned for "early access followed by release to general uses within 2018" and that Flongle "is currently for research use only." Oxford, Inc. denies that Exhibit 36 to the Third Amended Complaint, which appears to be a printout from the website https://www.nature.com/articles/nrmicro2850_BX2, states that Oxford, Inc. "plan[s] to release Flongle into early access followed by release to general uses within 2018." Oxford, Inc. denies any remaining allegations of paragraph 91.

92.     Oxford, Inc. denies the allegations of paragraph 92.

93.     Oxford, Inc. denies the allegations of paragraph 93.

94.     Oxford, Inc. admits that flowcells for use in the MinION and PromethION instruments include protein nanopores that may be used with certain reagents in methods for sequencing nucleic acid molecules. Oxford, Inc. denies any remaining allegations of paragraph 94.

95.     Oxford, Inc. denies the allegations of paragraph 95.

96.     Oxford, Inc. denies the allegations of paragraph 96.

## PRAYER FOR RELIEF

97.     Oxford, Inc. denies that PacBio is entitled to any of the relief sought in its prayer for relief against Oxford, Inc.  PacBio's prayer should be denied in its entirety and with prejudice.

## DEMAND FOR JURY TRIAL

98.     Oxford, Inc. does not object to a trial by jury on all issues so triable.

99.     All allegations not specifically admitted are denied.

## DEFENSES

100.    By asserting the following Defenses, the burden of proof has not shifted from PacBio for any issue where PacBio bears the burden, including, without limitation, infringement. Oxford, Inc. reserves the right to amend its response, including asserting additional affirmative and other defenses as they may be discovered or otherwise become available.

101.    *Non-Infringement of the '056 Patent*.   Oxford, Inc. has not infringed, either directly, indirectly, by inducing infringement of others, by contributing to the infringement of others, or in any other manner, any valid and enforceable claim of the '056 Patent either literally or under the doctrine of equivalents.

102.    *Non-Infringement of the '929 Patent*.   Oxford, Inc. has not infringed, either directly, indirectly, by inducing infringement of others, by contributing to the infringement of others, or in any other manner, any valid and enforceable claim of the '929 Patent either literally or under the doctrine of equivalents.

103.    *Non-Infringement of the '323 Patent*.   Oxford, Inc. has not infringed, either directly, indirectly, by inducing infringement of others, by contributing to the infringement of others, or in any other manner, any valid and enforceable claim of the '323 Patent either literally or under the doctrine of equivalents.

104.    *Invalidity of the '056 Patent*.   One or more claims of the '056 Patent are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§ 101, 102, 103, and/or 112.

105.    *Invalidity of the '929 Patent*.   One or more claims of the '929 Patent are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§ 101, 102, 103, and/or 112.

106. _Invalidity of the '323 Patent_.  One or more claims of the '323 Patent are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§ 101, 102, 103, and/or 112.

107. _Prosecution History Estoppel_.  PacBio is estopped from construing the claims of the '056, '929, and '323 Patents to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by Oxford, Inc. because of admissions, amendments, and statements to the USPTO during prosecution of the applications leading to the issuance of the '056, '929, and '323 Patents or related family members.

108. _No Entitlement to Injunctive Relief_.  PacBio's claim for injunction relief is barred at least because PacBio has not suffered any irreparable injury and because PacBio has an adequate remedy at law.

109. _Government Sales_.  PacBio's claims for relief are limited by 28 U.S.C. § 1498.

110. _Statutory Damages Limitation_.  PacBio's claim for damages is statutorily limited by 35 U.S.C. §§ 286, 287 and/or 288.

111. Oxford, Inc.'s investigation of its defenses is continuing, and Oxford, Inc. expressly reserves the right to assert any additional defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or be available in the future based upon discovery and further investigation in this case.

## COUNTERCLAIMS

Counterclaimant Oxford Nanopore Technologies, Inc. ("Oxford, Inc."), on personal knowledge as to its own acts, and on information and belief as to all others based on its own and

its attorneys' investigation, alleges its Counterclaims against Pacific Biosciences of California, Inc. ("PacBio" or "Plaintiff") as follows:

## THE PARTIES

1.      Oxford, Inc. is a corporation organized under the laws of Delaware, having its principal place of business in Cambridge, Massachusetts.

2.      According to PacBio's Second Amended Complaint (D.I. 299), PacBio is a corporation organized under the laws of Delaware, having its principal place of business in Menlo Park, California.

## JURISDICTION

3.      This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

4.      PacBio has subjected itself to personal jurisdiction in this Court because it is a Delaware corporation and has sued Oxford, Inc. in this Court.

## VENUE

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.      PacBio has consented to venue in this Court because it is a Delaware corporation and because it has filed its claims for patent infringement in this Court, in response to which these Counterclaims are asserted.

## ACTUAL CONTROVERSY

7.      According to PacBio's Fourth Amended Complaint (D.I. 299), PacBio claims to be the assignee and owner of all rights, title to, and interest in United States Patent Nos. 9,678,056 ("the '056 Patent"), 9,738,929 ("the '929 Patent"), and 9,772,323 ("the '323 Patent"). D.I. 299, Ex. B at ¶¶ 44, 59, and 83. PacBio has alleged that Oxford, Inc. has infringed and is infringing the '056, '929, and '323 Patents, which Oxford, Inc. denies. *Id.* at ¶¶ 43-96.

8.      An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Oxford, Inc. and PacBio. Oxford, Inc. seeks a declaration that it has not infringed and does not infringe the '056, '929, and '323 Patents; and that the '056, '929, and '323 Patents are invalid.

## COUNTERCLAIM ONE

### (Declaratory Judgment of Non-Infringement of the '929 Patent)

9.      Oxford, Inc. repeats and re-alleges the allegations of the preceding Paragraphs of these Counterclaims as if fully set forth herein.

10.      Although PacBio alleges in its Third Amended Complaint that (i) Oxford, Inc. has infringed or continues to infringe the claims of the '929 Patent literally or under the doctrine of equivalents, (ii) Oxford, Inc. actively, knowingly, and intentionally has induced, or has threatened to induce infringement of the '929 Patent, and (iii) Oxford, Inc. has contributed to, or has threatened to contribute to, the infringement by its customers of the '929 Patent, Oxford, Inc. has not infringed and does not infringe any valid claim of the '929 Patent under any theory of infringement.

11.      A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '929 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM TWO

### (Declaratory Judgment of Non-Infringement of the '056 Patent)

12.      Oxford, Inc. repeats and re-alleges the allegations of the preceding Paragraphs of these Counterclaims as if fully set forth herein.

13.      Although PacBio alleges in its Third Amended Complaint that (i) Oxford, Inc. has infringed or continues to infringe the claims of the '056 Patent literally or under the doctrine of

equivalents, (ii) Oxford, Inc. actively, knowingly, and intentionally has induced, or has threatened to induce infringement of the '056 Patent, and (iii) Oxford, Inc. has contributed to, or has threatened to contribute to, the infringement by its customers of the '056 Patent, Oxford, Inc. has not infringed and does not infringe any valid claim of the '056 Patent under any theory of infringement.

14.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '056 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM THREE

## (Declaratory Judgment of Non-Infringement of the '323 Patent)

15.     Oxford, Inc. repeats and re-alleges the allegations of the preceding Paragraphs of these Counterclaims as if fully set forth herein.

16.     Although PacBio alleges in its Third Amended Complaint that (i) Oxford, Inc. has infringed or continues to infringe the claims of the '323 Patent literally or under the doctrine of equivalents, (ii) Oxford, Inc. actively, knowingly, and intentionally has induced, or has threatened to induce infringement of the '323 Patent, and (iii) Oxford, Inc. has contributed to, or has threatened to contribute to, the infringement by its customers of the '323 Patent, Oxford, Inc. has not infringed and does not infringe any valid claim of the '323 Patent under any theory of infringement.

17.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '323 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

**COUNTERCLAIM FOUR**

**(Declaratory Judgment of Invalidity of the '056 Patent)**

18.     Oxford, Inc. repeats and re-alleges the allegations of the preceding Paragraphs of these Counterclaims as if fully set forth herein.

19.     The claims of the '056 Patent are invalid under 35 U.S.C. § 101 as being directed to patent-ineligible subject matter.

20.     The claims of the '056 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in light of prior art. For example, one or more claims of the '056 Patent are invalid due to the following prior art: (i) U.S. Patent App. Pub. No. 2006/0063171 (Akeson); (ii) U.S. Patent App. Pub. No. 2007/0196846 (Hanzel); (iii) "Machine Learning Methods for Channel Current Cheminformatics, Biophysical Analysis, and Bioinformatics," a dissertation by Stephen Winters-Hilt (2003); (iv) Sigalov et al., "Detection of DNA Sequencing Using an Alternating Electric Field in a Nanopore Capacitor," Nano Lett. 8:56-63 (2008) and its supporting information; (v) Preugschat et al., "Kinetic Analysis of the Effects of Mutagenesis of W501 and V432 of the Hepatitis C Virus NS3 Helicase Domain on ATPase and Strand-Separating Activity," Biochemistry 39:5174-5183 (2000); (vi) U.S. Patent No. 7,731,826 (Hibbs); and/or (vii) U.S. Patent Pub. No. 2008/0041733 (Hibbs Application).

21.     The claims of the '056 Patent are invalid under 35 U.S.C. § 112 for failing to comply with one or more of the written description requirement, the enablement requirement, and the definiteness requirement.

22.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '056 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM FIVE

### (Declaratory Judgment of Invalidity of the '929 Patent)

23.     Oxford, Inc. repeats and re-alleges the allegations of the preceding Paragraphs of these Counterclaims as if fully set forth herein.

24.     The claims of the '929 Patent are invalid under 35 U.S.C. § 101 as being directed to patent-ineligible subject matter.

25.     The claims of the '929 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in light of prior art. For example, one or more claims of the '056 Patent are invalid due to the following prior art: (i) U.S. Patent No. 5,795,782 (Church); (ii) U.S. 2005/0266456 (Williams); (iii) U.S. Patent No. 6,404,907 (Gilchrist); (iv) WO 2007/010263 (Swerdlow); (v) U.S. 2007/0190542 (Ling); (vi) U.S. 2002/0197618 (Sampson); (vii) U.S. 2005/0019784 (Su); and/or (viii) 2005/0095599 (Pittaro).

26.     The claims of the '929 Patent are invalid under 35 U.S.C. § 112 for failing to comply with one or more of the written description requirement, the enablement requirement, and the definiteness requirement.

27.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '929 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM SIX

### (Declaratory Judgment of Invalidity of the '323 Patent)

28.     Oxford, Inc. repeats and re-alleges the allegations of the preceding Paragraphs of these Counterclaims as if fully set forth herein.

29.     The claims of the '323 Patent are invalid under 35 U.S.C. § 101 as being directed to patent-ineligible subject matter.

30.     The claims of the '323 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in light of prior art. For example, one or more claims of the '323 Patent are invalid due to the following prior art: (i) "Machine Learning Methods for Channel Current Cheminformatics, Biophysical Analysis, and Bioinformatics," a dissertation by Stephen Winters-Hilt (2003); (ii) U.S. Patent No. 7,731,826 (Hibbs); (iii) U.S. Patent Pub. No. 2008/0041733 (Hibbs Application); (iv) Sigalov et al., "Detection of DNA Sequencing Using an Alternating Electric Field in a Nanopore Capacitor," Nano Lett. 8:56-63 (2008) and its supporting information; (iv) U.S. Patent 6,446,198 (Sazegari); and/or (v) U.S. Patent App. Pub. No. 2006/0063171 (Akeson).

31.     The claims of the '323 Patent are invalid under 35 U.S.C. § 112 for failing to comply with one or more of the written description requirement, the enablement requirement, and the definiteness requirement.

32.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '323 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

WHEREFORE, Oxford, Inc. prays that the Court enter judgment in its favor and against PacBio, as follows:

A.     Dismissing, with prejudice, PacBio's claims against Oxford, Inc.;

B.     Denying all relief that PacBio seeks in its Fourth Amended Complaint;

C.     Declaring that Oxford, Inc. has not infringed and does not infringe, either directly or indirectly, any claim of the '056, '929, or '323 Patents;

D.     Declaring that the '056, '929, and '323 Patents are invalid;

E.     Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Oxford, Inc. its costs and attorneys' fees; and

F.      Awarding Oxford, Inc. any other relief as the Court deems just and proper.


                                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                          */s/ Jennifer Ying*
                                          _____
                                          Jack B. Blumenfeld (#1014)
                                          Jennifer Ying (#5550)
                                          Jeffrey J. Lyons (#6437)
OF COUNSEL:                               1201 North Market Street
                                          P.O. Box 1347
Stephen M. Hash                           Wilmington, DE  19899-1347
Puneet Kohli                              (302) 658-9200
Samoneh Kadivar                           jblumenfeld@mnat.com
David Varghese                            jying@mnat.com
Jeff Gritton                              jlyons@mnat.com
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX  78701-4078                    *Attorneys for Defendant Oxford Nanopore*
(512) 322-2642                            *Technologies, Inc.*

David G. Wille
Johnson K. Kuncheria
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980
(214) 953-6595

Elizabeth Durham Flannery
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
(713) 229-1234

Original Filing Date:  August 29, 2019
Redacted Filing Date:  September 10, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 29, 2019, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                   *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Edward R. Reines, Esquire                                  *VIA ELECTRONIC MAIL*
Derek C. Walter, Esquire
Robert S. Magee, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
*Attorneys for Plaintiff*


*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)