IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-275 (LPS) (JLH) ) C.A. No. 17-1353 (LPS) (JLH) |
| OXFORD NANOPORE TECHNOLOGIES, INC., and OXFORD NANOPORE TECHNOLOGIES, LTD., | ) ) ) REDACTED -- PUBLIC VERSION |
| Defendants. | ) ) |

**MOTION TO REDACT PORTIONS OF THE
AUGUST 14, 2019 DISCOVERY TELECONFERENCE TRANSCRIPT**

Defendants Oxford Nanopore Technologies, Inc. and Oxford Nanopore Technologies, Ltd. (collectively, "Oxford"), pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and this Court's Policy on the Electronic Availability of Transcripts of Court Proceedings, Oxford hereby moves the Court to redact certain portions of the August 14, 2019 Discovery Teleconference Transcript (D.I. 319).[1] Pursuant to D. Del. LR 7.1.1, counsel for Oxford conferred with counsel for Pacific Biosciences of California, Inc. ("PacBio") about the requested redactions, and PacBio confirmed that it opposes this motion.

The grounds for this motion are set forth below. The requested redactions are set forth in Exhibit A, which is a complete version of the Transcript with the proposed redactions highlighted. A redacted version of the Transcript is attached as Exhibit B.

Although "[t]he public has a common law right of access to judicial proceedings and records," this right "is not absolute[.]" *MOSAID Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). "Every court has inherent supervisory power, and the Third Circuit has held

---

[1] Unless otherwise noted, all docket citations are to C.A. No. 17-275.

that courts may exercise that power to deny access to judicial records, for example, 'where they are sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). The party seeking to seal a portion of a judicial record bears the burden of showing that (1) the material is the kind of information that courts will protect, and (2) good cause exists to justify the redaction. To establish "good cause," the party seeking redaction must show that the "disclosure will work a clearly defined and serious injury to [that party]." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The court's assessment of whether good cause exists "generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *MOSAID Techs.*, 878 F. Supp. 2d at 508 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)). The Third Circuit has identified a series of factors to consider in this balancing process, including: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose; (3) whether disclosure will cause embarrassment to a party; (4) whether the information to be disclosed is important to public health and safety; (5) whether sharing the information among litigants will promote fairness and efficiency; (6) whether the party benefiting from the order is a public entity or official; and (7) whether the case involves issues important to the public." *Id.* at 508 n.2 (citing *Pansy*, 23 F.3d at 787-91).

Courts routinely recognize that confidential and sensitive business information is the type of information that should be protected from public disclosure. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."); *see also Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (recognizing that "protection of a

party's interest in confidential commercial information" is an exception to the right of public access); *Joint Stock Soc'y v. UDV N. Am. Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000) (recognizing that consumer research studies, strategic plans, potential advertising or marketing campaigns and financial information are the type of sensitive business information entitled to protection); *Koninklijke KPN N.V. v. Sierra Wireless, Inc., et. al.*, C.A. No. 17-cv-90-LPS, D.I. 230 at 1 (D. Del. Sept. 16, 2019) ("Plaintiff has shown good cause for its proposed redactions . . . [t]he transcript contains sensitive and confidential information, the disclosure of which may harm Plaintiff's competitive position and relationship with contracting parties not subject to suit") (Ex. C).

Good cause exists here to redact the August 14 Teleconference Transcript. The proposed redactions contain Oxford's confidential business information and disclosure of this information would "work a clearly defined and serious injury" to Oxford. Specifically, Oxford seeks to redact portions of the transcript that contain Oxford's confidential business information and refer to confidential Oxford communications, such as Oxford's ▮▮▮▮▮, Oxford's ▮▮▮▮▮, and Oxford's ▮▮▮▮▮. *See* 8/14/19 Tr. (D.I. 319) at 6:15-20, 7:4-5, 14:14, 14:21, 14:25, 15:1-3, 19:1-6, 21:15-16, 21:22, 22:21-24, 23:2-5; Flannery Decl. at ¶ 8. These statements and communications were taken directly from documents produced from Oxford's files and deposition testimony of Oxford's witnesses that were designated as "Outside Counsels' Eyes Only" under the Stipulated Protective Order. Flannery Decl. at ¶¶ 9-10. Disclosure of this information would "work a clearly defined and serious injury" to Oxford as it would provide Oxford's competitors with knowledge regarding, *e.g.*, Oxford's confidential business practices.[2]

---

[2] At least one of the Oxford documents discussed in substance in the proposed redactions remains protected under the protective order in a related ITC action between the parties.

Moreover, because this "case involves private litigants" and their confidential information, there is no "legitimate public interest" in the proposed redactions. *See Pansy*, 23 F.3d at 788. Therefore, Oxford's interest in maintaining the confidentiality of the proposed redacted information outweighs any countervailing public interest. *See id.* ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

Finally, the August 14 hearing concerned a discovery dispute, not a dispositive motion. The proposed redactions are limited in scope. Oxford seeks to redact less than 30 total lines of the 1000+ line transcript, which appear on only 8 of its 47-pages. The remainder of the transcript left unredacted provides sufficient context to allow readers to understand the nature of the dispute.

While Oxford has attempted to compromise and reach agreement with PacBio on the redactions sought in this motion, PacBio has not provided any adequate basis for opposing them. PacBio initially asserted that it did not want to "go on record" as conceding that the information was confidential. Oxford agreed that it would not use PacBio's non-opposition as such a concession, but PacBio still maintained its opposition without identifying any other reason that this information should be made public. Flannery Decl. at ¶ 6. Meanwhile, PacBio has not contested the designations of Oxford's source documents and depositions containing the information in the proposed redactions (*see id.* at ¶ 10), and PacBio itself has redacted much of the same information in the public versions of its recently-filed amended complaints. D.I. 272 & D.I. 313 (C.A. No. 17-1353). The corresponding confidential information in the teleconference transcript should be afforded the same protection.

---

Flannery Decl. at ¶ 9. Although PacBio has been permitted to use those materials in this case under the Stipulated Protective Order in this case, allowing public disclosure of this information in an unredacted transcript would directly subvert the ITC's protective order.

Accordingly, Oxford respectfully submits that good cause exists to redact the Court's August 14, 2019 Discovery Teleconference Transcript (D.I. 319). Oxford respectfully requests that the Court grant this motion and order that: (i) the confidential information contained in the electronic transcript of the August 14, 2019 teleconference be redacted; and (ii) any publicly available copies of the transcript of the August 14, 2019 teleconference, including but not limited to transcripts that are or will be available by remote electronic access, shall be the redacted version of the Transcript attached as Exhibit B.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
David Varghese
Jeff Gritton
Baker Botts L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
(512) 322-2642

Elizabeth Durham Flannery
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
jlyons@mnat.com

*Attorneys for Defendants*
*Oxford Nanopore Technologies, Inc. and Oxford Nanopore Technologies, Ltd.*

Original Filing Date: September 25, 2019
Redacted Filing Date: October 7, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-275 (LPS) (JLH) ) C.A. No. 17-1353 (LPS) (JLH) |
| OXFORD NANOPORE TECHNOLOGIES, INC., and OXFORD NANOPORE TECHNOLOGIES, LTD., | ) ) ) ) |
| Defendants. | ) |

**[PROPOSED] ORDER**

At Wilmington this ___ day of _____, 2019, having considered Defendants Oxford Nanopore Technologies, Inc. and Oxford Nanopore Technologies, Ltd.'s Motion to Redact Portions of the August 14, 2019 Discovery Teleconference Transcript (the "Motion") and any opposition thereto,

IT IS HEREBY ORDERED that:

1. the Motion is GRANTED; and

2. any publicly available copies of the August 14, 2019 Discovery Teleconference Transcript, including but not limited to the transcripts that are or will be available by remote electronic access, shall be the redacted version of the Transcript attached as Exhibit B to the Motion.

_____
J.

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 25, 2019, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Edward R. Reines, Esquire<br>Derek C. Walter, Esquire<br>Robert S. Magee, Esquire<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

                                                  */s/ Jennifer Ying*
                                                  Jennifer Ying (#5550)