

March 10, 2020

<u>Via E-File</u>
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

**Re: Pacific Biosciences of California, Inc. v. Oxford Nanopore Tech., Inc.,
<u>C.A. Nos. 17-cv-275, 1353-LPS</u> – Request for Curative Instruction**

Dear Chief Judge Stark:

  PacBio brought its Motion *in Limine* No. 3 ("MIL 3") to prevent ONT from unfairly inflaming the jury by suggesting that a verdict in PacBio's favor would "hurt scientific research, or ***exclude*** nanopore sequencing devices from the United States." MIL 3 at 3 (emphasis supplied). As PacBio explained, "fear-mongering" regarding "the consequence of the different verdict scenarios" is unduly prejudicial and does nothing to "make any fact that is in dispute on the merits more or less likely to be true." MIL Reply at 1. The Court granted PacBio's motion, explaining that "it would be inappropriate to put before the jury evidence or argument about the potential impact of a verdict in favor of PacBio." D.I. 460 at 2 (emphasis added). The Court explained that such information is "not relevant to any issue the jury will decide, and create an unacceptable risk of unfair prejudice (as the jury might be deterred from returning a verdict in favor of PacBio even if it finds PacBio has met its burden of proof)." D.I. 460 at 2.

  ONT squarely violated this Court's Order in opening statement: "Now, ***this*** isn't the first time that PacBio has tried to use its patents to exclude nanopore sequencing." March 9, 2020 Tr. at 145:6-7. This is a direct argument in violation of this Court's ruling wherein ONT is arguing that PacBio is trying now in ***this*** case to exclude nanopore sequencing. To drive the point home, in his next sentence ONT's counsel stated that "PacBio has tried twice before to use its patents to take Oxford off the market," confirming his improper argument that the exclusion being attempted again in this case was "to take Oxford off the market." *Id.* at 145:8-9. This violation is not an isolated slip of the tongue – rather it was a ***theme*** of ONT's opening statement. S*ee id.* at 165:13-14 ("PacBio made its first attempt to use its patents to keep U.S. Oxford's products off the market.").

  ONT counsel compounded the unfair prejudice to PacBio by shamelessly exploiting the current health crisis to inflame further the jury passions it had provoked in violation of the MIL 3 Order. ONT suggested that the public's health in the face of a potential epidemic is in jeopardy if its products are removed from the market. *Id.* at 154:8 ("Now, so what does a MinION mean to you"). Specifically, ONT speculated (without support) about what techniques the Chinese government are using. *Id.* at 154:9-15. ONT argued that the continued availability of the MinION to fight coronavirus might hang in the balance, telling the jury, for example, that "now [ONT's] MinIONs are in the hands of scientists and public health officials in China who are on

the ground in realtime monitoring the spread of the virus and working desperately to control it." *Id.* Similarly, ONT counsel asserted, again without evidence, that "MinION is being used by scientists" in nine different countries "to detect the virus and monitor [its] spread" and that "sequencing information generate by one of these has been critical in efforts to develop a vaccine." *Id.* at 155:15-20. This theme was used to taint the jury and its impact was clear as reflected in a news article covering the trial, which was headlined "Patent Trial Opens Over DNA Too Used to ID Coronavirus" and noted "[a]n attorney for developers of a DNA tool recently used to track the coronavirus in China told jurors in a federal patent trial in Delaware on Monday that Pacific Biosciences is using invalid infringement claims to derail competition in an important field of science." *See* Ex. B.

To attempt to mitigate the damage from ONT's square violation of the Court's Order that was intended to inflame passions improperly, PacBio respectfully requests that the Court instruct the jury as set forth in Exhibit A.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-Filing)