# EXHIBIT B



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Patent Trial Opens Over DNA Tool To ID Coronavirus

By **Jeff Montgomery**

Law360, Wilmington, Del. (March 9, 2020, 9:36 PM EDT) -- An attorney for developers of a DNA tool recently used to track the coronavirus in China told jurors in a federal patent trial in Delaware on Monday that Pacific Biosciences is using invalid infringement claims to derail competition in an important field of science.

Stephen M. Hash of Baker Botts LLP, counsel to Oxford Nanopore Technologies Inc. and its U.K. affiliate, told an eight-member jury on the first day of an eight-day trial that Pacific Biosciences of California Inc. aimed four intellectual property challenges at Oxford's products in an effort to hobble its moves in the market.

"Evidence will show that PacBio saw what was happening. They saw Oxford was getting this money, making inroads, and they hatched a scheme," Hash said. "This lawsuit is a desperate act" by a company allegedly unable to stay ahead "with its own vastly different technology."

PacBio first sued Oxford in March 2017, arguing that Oxford's DNA sequencing systems infringed one PacBio patent. That complaint was later combined with infringement suits involving three other patents.

The technology at issue involves sending relatively long strands of DNA through tiny holes in proteins seated in a charged membrane. Changes in the charge as the strand moves through the protein identify the sequence of DNA bases and provide details about the source. Oxford says its approach to the technique and technology allows less hardware-intensive identification of longer, continuous strands of DNA, at lower cost.

Hash displayed what he said was a refrigerator-sized PacBio device costing $500,000 and a palm-size Oxford system device costing about $1,000 and used with a laptop computer. The Oxford system, among other uses, has been taken to the International Space Station for identifying contamination in the tightly sealed environment. Hundreds were sent to the People's Republic of China during early efforts to identify and track the current coronavirus outbreak, and they have been used in attempts to track down Ebola, Zika and tuberculosis outbreaks.

"Instead of a big, expensive, fragile machine like PacBio's product, Oxford's product fits in the palm of your hand and weighs 2 ounces versus 800 pounds," Hash said.

In his opening, Edward R. Reines of Weil Gotshal & Manges LLP, representing patent holder PacBio, cautioned jurors that Oxford might try to obscure infringement during the trial by focusing on size differences between the two companies' flagship systems.

"After we already made our invention, they're trying to patent the same thing and arguing how great it is," Reines told the jury, adding that Oxford might try to obscure the significance of patent infringements by arguing that its technology is "portable and smaller" in contrast with PacBio's device.

"No one should tell you that's how to perform your analysis on infringement," Reines told the jury, noting that the case focused on patents approved years ago by the U.S. Patent and Trademark Office.

PacBio is seeking royalties and possibly financial losses on sales due to infringement during head-to-head competition between the two companies, Reines said.

Reines said that Oxford might argue that the patents PacBio holds are invalid because of obviousness. "If it's so obvious," he said, "how come Dr. Akeson, with all of his patents back to the '90s, never patented it himself?"

Mark Akeson is a University of Southern California biomolecular engineering professor whose studies have figured prominently in Oxford's commercialization of the disputed technology.

The two companies have been waging an international battle for years over DNA sequencing tools.

In February 2019, the Federal Circuit affirmed a determination by the U.S. International Trade Commission that DNA sequencers imported by Oxford's U.K. affiliate do not violate two PacBio patents.

The case has continued in Delaware, partly based on rulings like the dismissal rejection that Judge Stark issued in March 2018. At that time, the judge noted that Oxford had conceded that nanopore sequencing was not well known in 2009 when PacBio applied for its patent.

"You don't show how to build a working nanopore sequencing device. Instead, you simply set out known techniques and seek to vaguely apply them to technology you don't understand and you can't do," Hash said in characterizing Oxford's view of PacBio's position. "PacBio saw the work of [Oxford] Nanopore, the work of Nanopore collaborators and mimicked them in a patent application."

The patents-in-suit are U.S. Patent Nos. 9,546,400; 9,678,056; 9,738,929; and 9,772,323.

Pacific Biosciences is represented by Brian E. Farnan and Michael J. Farnan of Farnan LLP and Edward R. Reines, Derek C. Walter and Robert S. Magee of Weil Gotshal & Manges LLP.

Oxford Nanopore Technologies Inc. and Oxford Nanopore Technologies Ltd. are represented by Jack B. Blumenfeld, Jennifer Ying and Jeffrey J. Lyons of Morris Nichols Arsht & Tunnell LLP and Stephen M. Hash, Elizabeth Durham FLannery Puneet Kohli, Samoney Kadivar, David Varghese, Jeff Gritton, David B. Weaver, Alexandra Piala, Mysha Lubke and David G. Wille of Baker Botts LLP.

The cases are Pacific Biosciences of California Inc. v. Oxford Nanopore Technologies Inc. et al., case numbers 1:17-cv-00275 and 1:17-cv-01353, in the U.S. District Court for the District of Delaware.

--Additional reporting by Adam Lidgett, Kevin Penton and Steven Trader. Editing by Brian Baresch.

All Content © 2003-2020, Portfolio Media, Inc.